HORACE BILLINGS

*v.*

CHARLES SPRAGUE.

1. INJUNCTION—*in cases to enjoin collection of a note—bond may provide for payment of the debt.* In a suit to enjoin the collection of a promissory note, the statute prescribes no rule in regard to the conditions to be inserted in the injunction bond, and in such cases, the judge or master granting the writ, may require a complainant to give security for the payment of the note, in the event he fails to maintain his suit.

2. SAME—*bond conditioned to pay the debt—surety liable therefor—upon dissolution of the injunction.* And in injunction cases of this character, where the bond is conditioned for the payment of the debt, the liability of the surety therefor becomes fixed, upon the dissolution of the injunction, and a recovery may be had against him, in an action upon the bond.

3. SURETY—*debt paid by surety—on an injunction bond—rights of.* And where, in such suit, the note enjoined is secured by a deed of trust, and the bond

provides for its payment, in event the injunction is dissolved, the surety, when he shall have paid the debt, will be substituted in equity to the lien under the trust deed.

4. INSTRUCTION—*directing the finding.* In an action upon an injunction bond, the court instructed the jury what amount to find. *Held,* that this was erroneous. But, inasmuch as it appeared from the record that the verdict could not have been for a less sum, being simply the amount of the debt, which rested merely in computation, the judgment would not, for such error, be reversed, and the parties put to the additional costs of a new trial.

APPEAL from the Circuit Court of Cass county; the Hon. JAMES HARRIOT, Judge, presiding.

This was an action of debt upon an injunction bond, instituted in the court below, by the appellees, Charles E. Parker and Charles Sprague, for the use of Charles Sprague, against the appellant, Horace Billings, impleaded with Frederick Potter. The further facts in this case are fully stated in the opinion.

Mr. H. E. DUMMER and Mr. L. LACEY, for the appellant.

Mr. G. POLLARD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 27th of February, 1866, Potter filed a bill in chancery to enjoin the sale of certain real estate conveyed by him to one Parker, in trust to secure the payment of a note for $510, given by Potter to Sprague. The bond was conditioned that Potter, and Billings, the surety, should pay to Sprague all moneys and costs due or to be due to him, and all damages which might be awarded. The injunction was subsequently dissolved, and this is a suit upon the bond. The circuit court gave judgment for the amount of the note, and attorneys' fees in the injunction case. It is conceded that the fees were

recoverable, but denied that the court had the right to include the amount of the note.

In injunction cases of this character, the statute prescribes no rule in regard to the conditions to be inserted in the bond. This is left to the discretion of the judge or master granting the writ, and where the object of the bill is to enjoin the collection of a promissory note, as in the present case, it is not an unreasonable exercise of such discretion to require the complainant to give security for the payment of the debt, in case he fails to maintain his suit. This was done in the present case. Such was the evident object of the bond. It will bear no other construction. It was voluntarily executed by the appellant as surety, and he must respond to its conditions. The judgment of the circuit court was in accordance with the obligation. The appellant, however, will be substituted in equity to the lien under the deed of trust, when he shall have paid the debt.

It is urged that the third instruction for the plaintiff was wrong, inasmuch as it directed the jury what amount to find. It was clearly error, and would be ground for reversing the judgment, if it were not apparent, from the record, that the jury could not have found a less sum, and that, if we were to remand the case, the result could not be more favorable to the appellant, while both parties would incur additional costs. The jury gave as their verdict the amount of the debt, which rested merely in computation, and $25, fees of counsel, which was the lowest sum named in the evidence as a proper fee. Under these circumstances, it would not be proper to reverse the judgment for this error in the instruction.

*Judgment affirmed.*