JESSE H. FISHER

*v.*

ALLEN H. DILLON.

62  379
59a  273

1. MORTGAGE—*subrogation—right of one of two mortgagors paying for the other.* When A and B, being equally interested in the purchase of land, gave their joint notes for the unpaid purchase money, secured by their mortgage on the premises, and B refused to pay $800 of his part of the last note, so that the land of A (a partition having been made) was sold under decree of foreclosure, and he was compelled to redeem the same : *Held*, on cross bill of A, to a bill filed by B, that A was entitled to a decree against B for the amount so paid by him of B's part of the note, with six per cent interest.

2. FRAUD—*misrepresentation as to value.* Where a party, before purchasing an undivided half of a tract of land, went upon it to satisfy himself of its situation and value, and after its partition with the defendant, the owner of the other half filed his bill in chancery, alleging that the defendant had falsely represented that the half set apart to him was of less value than the other half: *Held*, that as the complainant had seen the land, though he had not gone over it with a view to have it divided, he could not be heard to say that he relied on the representations of the comparative value of the two parts thereof, and that it would be presumed he acted upon his own judgment.

3. SAME. In such case, a statement of the relative value of two portions of a tract of land, with a view to a division between the owners, will be regarded simply as an expression of opinion as to value.

4. SAME—*division of land.* Where the land of two joint owners is divided by the parties without either knowing which part he will receive as his share, it will be presumed that the division was fairly made, or as nearly so as the parties were able to make it.

APPEAL from the Circuit Court of McLean County; the Hon. S. L. RICHMOND, Judge, presiding.

Messrs. HATCH & SLADE, for the appellant.

Messrs. WELDON & BENJAMIN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In the month of November, 1865, appellee, by contract in writing, purchased of one Anderson the south-west quarter of section thirty-six, township twenty-two north, range one west of the third principal meridian, at forty dollars per acre. He paid five hundred dollars on the purchase and gave his notes, due on time, for the balance. By the terms of the agreement appellee was to forfeit the five hundred dollars paid if he should not pay the first note when it matured, and the other notes given on deferred payments were to become due by reason of the default in such first payment.

Subsequently, and before the first note fell due, appellee found he would be unable to meet it promptly, and applied to different persons to borrow the money, but failing to succeed he applied to and urged appellant to advance one half of the purchase money and become an equal owner of the property, and he accepted the proposition and thus became a purchaser, and the contract was changed so as to show that appellant and appellee were purchasers. The note first falling due was paid by the parties, and the other two notes were taken up and their joint notes substituted for them, and a mortgage was given on the land to secure their payment. There was a condition that if the first of these notes was not paid when due, the others should then become due. Anderson, at the same time, executed to them a deed for the land. They, at the same time, divided one hundred and twenty acres of the land, appellee taking the south half and appellant the north, and released to each other the portion each had received on the division.

The parties paid the first note at maturity. But appellant

refused to pay half of the second note, being the last payment, but deducted from his half eight hundred dollars, and paid the balance of his half. Thereupon Anderson foreclosed the mortgage, and appellant subsequently redeemed, paying the eight hundred dollars unpaid on appellant's half of the note. In the meantime one forty acres of the land had been laid off in town lots before the division was made, and the lots were divided at the same time that the one hundred and twenty acres were.

Prior to the foreclosure, in February, 1868, appellant filed a bill in chancery, alleging that appellee had falsely represented that he had paid one Merriam sixteen hundred dollars for an interest he had in the land, and alleging that the south half of the one hundred and twenty acres was worth more than the north half. After redeeming, appellee filed a cross bill setting up the sale and redemption. On the hearing the court found that there was due from appellant eight hundred dollars, with six per cent from the time the last note fell due, amounting to eight hundred and eighty-five dollars and eighty-seven cents, and dismissed the original bill. Appellant has brought the case to this court by appeal, and asks a reversal.

Appellant alleges that he was not acquainted with the land at the time the division was made, and had relied upon the representations of appellee, and that the portion he got was of less value than the half appellee received. It is no doubt true that the parties did not go over the land with a view to its being divided. But the preponderance of the evidence shows that when considering whether appellant would purchase he was upon the land for the purpose of seeing it, and must have seen it so as to become satisfied with its situation and value. This being true, he can not be heard to say that he relied upon the representations of appellee, as we must presume that he exercised his judgment and formed his opinion as to value on his knowledge of the land. If appellee made statements as to the comparative value of the two tracts, such an expression would be referred to mere opinion. It was not a statement as to its location, quality, or other circumstances affecting the property, but simply as to its value, and upon

which the opinions of persons would be extremely liable to differ.

Again, the preponderance of the evidence establishes that appellant was to have the choice in the division of the town lots and appellee of the two tracts of the land. If the property was previously divided by the parties without either knowing which was to have a particular share, the natural presumption would be that it was fairly made, or at least as nearly so as they were able to make it. That would have been the interest of both, as no possible motive can be perceived for either to desire an unequal division when he was liable to get the least valuable part as his co-tenant. We think the evidence sustained the decree on this question.

But it remains to inquire whether appellee practiced a fraud in selling the half of the premises to appellant. He insists that appellee represented that he was to pay Anderson forty dollars per acre, and had paid Merriam ten dollars an acre, and that on that representation he purchased, agreeing to pay half of the amount the land would come to at those rates; or, in other words, fifty dollars, when appellee had paid Merriam nothing; but Anderson had purchased the claim before selling the land. The papers were all executed on the basis that fifty dollars per acre was the price. And appellee and his daughter state that appellant agreed to pay fifty dollars an acre to become a partner, without reference to any claim that Merriam ever held. And another witness swears that appellant stated it cost him fifty dollars per acre. Appellant swears, in direct contradiction to appellee, that the ten dollars an acre was a part of the consideration of the purchase, and is supported by his son. But the evidence of the latter is greatly impaired in its weight by the fact he admits that appellee said he had collected of Merriam the full amount that he owed him, and which it is claimed appellee represented he had paid for his claim. The brother of appellant swears that he heard a conversation, in which he understood the parties to say that they had paid Anderson forty dollars per acre, and appellee had purchased Merriam's claim, and appellant

was to pay eight hundred dollars as his half of that sum.    But he states that his recollection is not distinct, and he is contradicted flatly by appellee.

While the evidence is inharmonious and not free from doubt as to where the truth lies, we are, nevertheless, of the opinion that it is in favor of appellee. Appellant's evidence as to the fact whether he was on the land is contradicted, and we think it is clearly proved he was on the land, and had examined it before it was divided. Again, he is contradicted when he denies that there was an agreement that he was to have choice of the lots and appellee of the land. We think that the evidence, all considered, proves satisfactorily that such was the agreement. And this greatly impairs the weight that would otherwise attach to his evidence. We can see that in a transaction like this, conversations in reference to other matters apparently relating to the land could readily lead to misapprehension. Again, it would hardly seem probable that appellee would make such a representation when its falsity could be so easily detected.

Again, there seems to be no doubt that appellant was satisfied with the land and the price he was to pay, when he purchased. Nor is there any pretense that the land was not worth the price he paid. From all of the evidence in the record, we are unable to say that it does not sustain the decree. And appellant not having shown that there is error in the decree, it is affirmed.

*Decree affirmed.*