## S. N. Kinney v. H. W. Wells et al.

1. DEEDS—*Acceptance of—Delivery by Ratification.*—Where a deed of real estate is executed and placed upon record, and the grantee subsequently conveys the estate to another, he will be held to have accepted the delivery of the deed by ratification and bound by its covenants.

2. VENDOR AND VENDEE—*Effect of Assuming a Mortgage Debt as a Part of the Purchase Price.*—Where one has purchased land of another incumbered by a mortgage, and in consideration of the purchase price of the land assumes and agrees to pay off the mortgage, he becomes as between himself and the mortgagor and grantor the principal debtor, and the person assuming such liability is bound to pay the mortgage incumbrance and debt to the mortgagee. The original mortgagor occupies the position of a surety.

3. MORTGAGOR AND MORTGAGEE—*Sale of Mortgage Premises Subject to the Mortgage Subrogation.*—Where the owner of premises mortgages the same and afterward sells to a person who assumes the payment of the mortgage indebtedness, if the vendor is compelled to pay the debt, he, being in law a surety, has the right to be subrogated to the mortgage and to foreclose it for his own benefit.

Assumpsit.—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1894. Reversed and remanded. Opinion filed May 28, 1895.

W. T. WHITING, attorney for appellant.

ARTHUR KEITHLEY, attorney for appellees.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit brought to the December term, 1893. The controversy in the case grows out of an alleged covenant contained in a warranty deed from H. W. Wells and wife to appellant for a lot in the city of Peoria, dated December 9, 1887. The consideration expressed in the deed was $3,000. The deed contained the following covenant: "Subject, however, to a mortgage due Farmers' Loan and Homestead Association, and another mortgage to secure Comstock & Avery, and interest due on both of above

mortgages, and taxes of 1887, all of which grantee assumes and agrees to pay as a part of the above consideration." It appears that the appellant was the secretary of the Farmers' Loan and Homestead Association at the time Wells, the appellee, obtained his loans for which the mortgage was given, and he executed the mortgage in question securing them, amounting in the aggregate to the sum of $3,000. They were to be liquidated by payment of monthly dues, interest and premium, in accordance with the charter of the association. Later, appellee and wife executed a subsequent mortgage on the same lot to G. W. Avery, to secure the payment of a certain note payable to the order of Comstock, Avery & Co., dated April 27, 1886, with eight per cent interest. The amount of the note was $383.96, but the amount of it was not mentioned in the mortgage. In 1887 Wells became in default of about $1,200. Without going into details of the negotiations between Wells, the appellee, and the appellant, concerning the execution of the deed containing the covenant in question, we will say it was executed, and in some way got upon record. The appellant insisted afterward that he never accepted the deed with the covenant in it. Wells testified that he executed the deed and delivered it to appellant, and he accepted it with the covenant in it. The cause was tried by the court without a jury, and while the evidence was conflicting, we think the court was justified in finding the issue of fact in favor of the appellee, Wells. But there is another point in the case which we think would estop appellant from denying having received the deed and having assented to the covenant. For without the authority of appellee, save the deed after he knew it was on record, he conveyed the lot to one Leslie Robinson, September 15, 1891, for a consideration of $1,659.60, and the assumption by Robinson of appellee's Loan Association's mortgages. Robinson paid what was due on the mortgages and assumed the payment of the balance.

Thus we hold that appellant by this act elected to ratify the delivery of the deed to him, whether it was delivered to him at first or not. At the time the deed was executed to

Robinson the latter refused to take it, unless the mortgage executed to Avery and assumed by appellant was satisfied of record.

The appellant secured from Comstock, Avery & Co., in consideration of one hundred dollars paid by him, a release of their mortgage of record September 15, 1891. Comstock, Avery & Co. some time before or after this release sued the appellee, Wells, at law, in Peoria county, and recovered a judgment against him on the note that appellant had agreed to pay; execution was issued upon it, and appellee's property was sold, and two hundred dollars made upon the judgment.

The court below found in favor of the appellee at the conclusion of the trial for the sum of $529.24, the amount of the judgment and interest. The question is presented on this state of facts, whether there was any liability on the part of the plaintiff to pay appellee any portion of this judgment. It will be necessary first to inquire what attitude the appellant bore toward this mortgage between himself and Avery & Co., and what position appellee, Wells, occupied. It is laid down as a rule of law that where one has purchased land of another incumbered by a mortgage, and in consideration of the purchase price of the land assumes and agrees to pay off the mortgage debt, he becomes, as between himself and the mortgagor and the grantor, the principal debtor, and the person assuming such liability is bound to pay the mortgage incumbrance and debt to the mortgagee, and the original mortgagor occupies the position of surety. Flagg v. Geltmacher, 98 Ill. 293. And in case the original mortgagor is compelled to pay the debt, being surety, he has the right to subrogation to the mortgage, and the right to foreclose it for his own benefit. Mathews v. Aiken, 1 N. Y. 595; Hoy v. Brownhall et al., 4 N. J. 593; Hall, Admr., v. Hoxie et al., 84 Ill. 716; Jones on Mortgages, par. 878, 879; Billings v. Sprague, 49 Ill. 509; Fisher v. Dillon, 62 Ill. 379; Darst v. Bates et al., 95 Ill. 493; Beaver v. Slanker, 94 Ill. 175; Rogers v. Meyers et al., 68 Ill. 92. We think, therefore, that after the release of the mortgage

by Comstock & Avery they would lose their right to recover the balance of their debt from appellee, Wells, for the reason that they were well aware of appellant's agreement to pay this mortgage, and had no right in equity and good conscience to release the mortgage for less than the amount of the note, or for less than full value of the security. And before this release Robinson had taken a deed, and paid for the lot $1,659.60. The evidence tends to show that the security was worth more than the one hundred dollars. But in any event appellee would have no right to recover in this suit more than he paid to Comstock, Avery & Co. The appellee only paid two hundred dollars on this judgment, but has not paid Comstock, Avery & Co. the balance of the judgment. This appellant is therefore liable to be sued and required to pay Comstock, Avery & Co. the balance of this mortgage debt, they having in no way released the appellant from this payment, only released the mortgage. In case appellant were compelled to pay this judgment for the use of Darst he would still be liable to Comstock, Avery & Co. for the balance due on the mortgage. Hence, appellee should not have recovered under any circumstances more than the two hundred dollars paid by appellee and interest thereon.

For the error above noted the judgment of the court below is reversed and the cause remanded.