Statement.

## Wytheville.

BLANKENSHIP AND OTHERS V. ELY.

JUNE 21, 1900.

Absent, Riely, J.*

1. BONDS—*Order Requiring Execution—Recitals—Estoppel.*—A bond executed pursuant to an order made in a chancery suit requiring its execution, as a condition precedent to the enjoyment of certain rights, does not derive its efficacy from the order. The liability of the obligors is determined by the bond alone, and not by the order. The obligors are estopped to deny the recitals of the bond, even if they were in conflict with record, and a plea of *nul tiel record* is inapplicable.

2. PLEADING—*General Issue—Special Pleas.*—Where the general issue has been pleaded, special pleas which set up matters of defence which can be proved under the general issue should be rejected.

3. BONDS—*Non Est Factum—Failure of Obligor to Sign—Injury.*—The failure of one of the obligors in a bond to sign it in person, if it can be set up as a defence in any case by the other obligors, cannot be set up where it appears that judgment has been rendered against such obligor, and no one has been injured by his failure to sign and acknowledge the bond in proper person.

Error to a judgment of the Circuit Court of Lee county, rendered June 16, 1898, in an action of debt, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Affirmed.*

This was an action of debt instituted by Ely against the plaintiffs in error on the following bond:

---

*Judge Riely was prevented by sickness from attending this term.

" Know all men by these presents that we, John W. Woodward, M. E. Woodward, F. A. Munsey and George W. Blankenship, are held and firmly bound unto G. H. Ely in the sum of six hundred dollars, to the payment whereof well and truly to be made to the said Commonwealth of Virginia we bind ourselves and each of us, our and each of our heirs, executors and administrators jointly and severally firmly by these presents, and we hereby waive the benefit of our homestead exemptions as to this obligation, and any claim or right to discharge any liability to the Commonwealth arising under this bond or by virtue of said office, post or trust, with coupons detached from the bonds of this State. Sealed with our seals, and dated this the 11th day of June, one thousand eight hundred and ninety-four.

" The condition of the above obligation is such, that whereas G. H. Ely has filed a bill praying the Circuit Court of Lee county for an injunction restraining M. E. and John W. Woodward from selling goods, contracting debts, and carrying on business under the firm name and style of M. E. Woodward & Co., and to appoint a receiver to take charge of the debts, goods, merchandise, etc., in the possession of the defendants till the suit which said Ely tenders is determined; and the court, by an order entered in said cause, directs that the defendants, M. E. and John W. Woodward, might give bond in the penalty of six hundred dollars for the purpose of saving him, the said G. H. Ely, harmless by reason of having to pay any debts owing by the late firm of M. E. Woodward & Co., which said M. E. Woodward ought to pay, and to pay said Ely any sum that may be ascertained to be due him upon a final settlement of said partnership. Now if said M. E. and John W. Woodward shall account for goods, debts, etc., belonging to the said firm, and pay off the debts heretofore incurred in the name of the said firm whereby the said Ely may be responsible or liable, and to pay said Ely such sum as may be ascertained to be due him upon a final settlement of said partnership, or should the said Ely fail

to mature at rules or prosecute the said suit, in either or both cases, then this obligation to be void, otherwise to remain in full force and virtue.

> JOHN W. WOODWARD.    [SEAL]
> M. E. WOODWARD.      [SEAL]
> G. W. BLANKENSHIP.   [SEAL]
> F. A. MUNSEY.        [SEAL]"

It appears that in the year 1890, the defendant in error, G. H. Ely, entered into a mercantile copartnership with M. E. Woodward (a married woman) under the style of M. E. Woodward & Co. The business was conducted several years, with J. W. Woodward, the husband of M. E. Woodward, as business manager. The parties then disagreed, and a suit in chancery was instituted by G. H. Ely against the said M. E. Woodward and J. W. Woodward for a settlement of the partnership affairs, for the appointment of a receiver pending the litigation, and to enjoin Woodward and wife from selling any of the stock of merchandise on hand, or collecting any of the choses in action due the firm. On the application for the injunction and receiver, the court ordered "that the defendant, M. E. Woodward, execute to complainant, G. H. Ely, before the clerk of this court, a bond with approved security in the sum of $600, conditioned to indemnify and save harmless the complainant against the payment of any debts that may be owing by the firm of M. E. Woodward & Co., or due the creditors of said firm, and to pay to said complainant such sum, if any, as may be found due him on a final partnership settlement." The decree further awarded the injunction and appointed the receiver prayed for, to be effective, however, only upon failure to execute the said bond for $600. In pursuance of this order, the bond in suit was executed. The declaration averred a breach of each of the conditions, and a large sum due to the plaintiff on a settlement of the partnership accounts. There was a verdict and judgment

in favor of the plaintiff against all of the defendants except John W. Woodward for the amount of the penalty of the bond. To this judgment this suit of error was awarded. The other facts sufficiently appear in the opinion of the court.

*C. T. Duncan,* for the plaintiffs in error.

*Pennington Bros.* and *W. G. Ely,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The court is of opinion that the demurrer to the declaration was properly overruled. The bond sued on was executed in pursuance of a decree of the Circuit Court of Lee county. The defendants craved *oyer* of the bond, and of the decree directing its execution, and then demurred upon the ground that the bond did not conform to the requirements of the decree. The bond does not derive its efficacy from the order. It would be a valid and binding instrument, even though the record of the chancery case had been silent with respect to its execution. In determining the liability of the parties to the bond, we must look to the instrument alone, and not to the order of the court in regard to its execution, and, although the instrument may contradict the record, the parties executing it are estopped to deny its recitals. *Caskie* v. *Harrison,* 76 Va. 85.

The court is further of opinion that the four pleas tendered by the defendants were properly rejected. Whether or not these pleas were good, we need not inquire. The plea of *non est factum,* the general issue, was put in. Under this plea it was competent to show any fact that could have been proven under the special pleas, had they been admitted, and it is apparent from the character of the evidence that the defendants availed themselves of their rights in this respect without objection from the plaintiff.

Where the general issue has been pleaded, special pleas that

set up matter of defence which can be proved under the general issue should be rejected. *Campbell Co.* v. *Angus,* 91 Va. 438; *Richmond R. Co.* v. *N. Y. & R. Co.,* 95 Va. 386.

The court is further of opinion that the plea of *nul tiel record* was properly rejected. The object of this plea was to contradict the recitals of the bond by the record of the chancery suit. This question has been considered in disposing of the demurrer, and what is there said need not be repeated here. *Franklin's Admr.* v. *Depriest,* 13 Gratt. 257.

The court is further of opinion that there was no erorr in giving the two instructions asked for by the plaintiff. The chancery suit in which the bond sued on was executed and filed was brought for settlement of partnership accounts, and a dissolution of the firm of M. E. Woodward & Co., composed of M. E. Woodward, one of the parties defendant, and G. H. Ely, plaintiff in the suit at bar. The partnership assets were in the hands of M. E. Woodward and her husband, J. W. Woodward. The bill asked for a receiver, and prayed for an injunction restraining M. E. Woodward and J. W. Woodward from disposing of the stock of goods on hand, or collecting any debts due the firm. Upon the hearing of the motion to grant an injunction and appoint a receiver, the court required M. E. Woodward to execute to G. H. Ely, before the clerk of the court, a bond with approved security, in the sum of $600 conditioned to indemnify and save harmless said Ely, and to secure him whatever sum might appear to be due on final settlement of the partnership accounts; the decree further providing for the injunction and receiver, unless such bond was executed within ten days. It is admitted that, on final settlement, more than $600 was due G. H. Ely, on account of debts against the firm paid by him, and it is not denied that the sums so paid were intended to be secured by the bond sued on. It is, however, contended by George W. Blankenship that he signed the bond with the agreement and understanding that M. E. Woodward and F. A.

Munsey were to sign and acknowledge the same before the clerk of the court, and a like contention is made by F. A. Munsey that he signed it with the understanding that M. E. Woodward and George W. Blankenship would sign and acknowledge the same, and that, inasmuch as M. E. Woodward did not sign and acknowledge the bond, they are not bound.

The ground of objection to the instructions under consideration is that they make no reference to these respective agreements touching the execution and delivery of the bond by Blankenship and Munsey. The bond is on its face, in all respects, a complete instrument, duly signed by each of the obligors named in the body of the bond, including M. E. Woodward. It appears from the uncontradicted testimony of John W. Woodward that he signed the bond for his wife, M. E. Woodward, at her request. The bond thus executed was filed in the chancery cause as shown by the endorsement of the clerk thereon, was acted upon by M. E. Woodward receiving and enjoying the benefits resulting from its execution, and was relied upon by G. H. Ely as his protection in lieu of the injunction and receiver asked for by him. If, therefore, the defendants had the right, in this action, to rely upon the conditions mentioned (which we by no means concede, *Miller* v. *Fletcher*, 27 Gratt. 403), such conditions were substantially complied with. All of the parties contemplated did sign the bond, and M. E. Woodward has been held liable by the judgment complained of, so that no one has been injured by reason of her failure to sign and acknowledge the bond in proper person.

The court is further of opinion that there was no error in refusing the several instructions asked for by the defendants. Without prolonging this opinion to comment upon these instructions in detail, it will suffice to say that they are based upon the erroneous theory entertained by the defendants that the bond sued on derives its efficacy from the decree directing its execu-

tion. The questions raised by these instructions have already been disposed of in considering other assignments of error.

The court is further of opinion that the evidence was ample to sustain the verdict of the jury, and that it was not error to refuse to set the same aside as contrary to the law and the evidence.

Upon the whole case, we are of opinion that there is no error to the prejudice of the plaintiffs in error, and the judgment is affirmed.

*Affirmed.*