**CHICAGO, R. I. & P. RY .Co. et al. v. CIMARRON TP., KINGFISHER COUNTY.**

**SAME v. SCHOOL DIST. NO. 51, KINGFISHER COUNTY.**

(170 Pac. 909.)

Nos. 8214, 8215—Opinion Filed Dec. 11, 1917.

Rehearing Denied Feb. 26, 1918.

(Syllabus.)

**1. Injunction—Bond—Liability.**

A bond executed pursuant to an order requiring its execution as a condition precedent to the granting of a restraining order does not derive its efficacy from the order. The liabilities of the obligors is determined by the bond alone, and not by the order.

**2. Same—Attorney's Fees.**

Defendants executed a bond pursuant to an order requiring them so to do as a condition precedent to the granting of a restraining order. The order required that said bond be in a sum certain, conditioned to secure any person injured by the restraining order "in the damages he may sustain, including reasonable attorney's fees." The bond filed pursuant thereto was conditioned that plaintiff "will pay * * * to defendant * * * any damage they may sustain, if it be finally decided that the restraining order ought not to have been granted." In a suit upon the bond to recover attorney's fees, assuming that it had been determined the restraining order ought not to have been granted, and that plaintiffs were entitled to the benefit of the bond, held, that the bond was a common-law bond; that the right of recovery is limited within the conditions thereof; that, as the terms of the order prescribing attorney's fees were not a condition of the bond, the obligation thereof could not be enlarged so as to include their payment; that the failure to pay them did not constitute a breach of the bond; and that, as such were neither pleaded nor proved, plaintiffs were not entitled to recover.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Suit by School District No. 51, Kingfisher County, against the Chicago, Rock Island & Pacific Railway Company and others, consolidated with suit by Cimarron Township, Kingfisher County, against the same defendants. Judgments for plaintiffs in each case, and defendants bring error. Reversed and remanded.

K. W. Shartel, C. O. Blake, R. J. Roberts, W. H. Moore, and F. L. Boynton, for plaintiffs in error.

Hinch & Bradley, for defendants in error.

TURNER, J.  On April 1, 1915, school district No. 51 of Kingfisher county, defendant in error, in the district court of Kingfisher county, sued the bond of Chicago, Rock Island & Pacific Railway Company and Otto A. Shuttee and Robert Sohlberg, plaintiffs in error, to recover $55 alleged to have been expended by it as an attorney's fee. The petition, after alleging the corporate existence of both plaintiff and the defendant company, substantially states that on April 7, 1910, said defendant sued plaintiff to restrain the collection of all taxes levied and charged against it for the fiscal year, beginning July 1, 1909, and ending June 30, 1910; that by agreement the action was consolidated with another action pending against it in the district court of Logan county, brought by said defendant against "Canadian county board of county commissioners, George D. Haworth, as county treasurer of Canadian county, and George D. Haworth personally, et al."; that on April 11, 1910, said defendant company executed and filed in that action for plaintiffs' protection a bond in the sum of $25,000, conditioned that said defendant would pay plaintiff "and other parties similarly situated any damages they or any of them might sustain if it should finally be decided that the restraining order previously issued at the instance of said defendant, restraining plaintiff from the collection of said taxes, ought not to have been granted"; that the amount of taxes due plaintiff as stated was $156.20, and that the restraining order prevented plaintiff from collecting any part thereof until January 1, 1912; that in order to defend against said suit plaintiff was compelled to fee counsel in the amount stated; that on September 8, 1911, the district court of Logan county decided that the collection of said tax "should not be restrained, and that the order restraining the same was wrongfully obtained and issued," that said decision is now final, and that it ought to recover on said bond $55, with interest at 6 per cent. from April 7, 1910. Wherefore plaintiff prayed judgment against the defendants for $61.50, with interest from date of suit.

The bond is filed as an exhibit to the petition, and reads:

"The Chicago, Rock Island & Pacific Railway Company, a Corporation, Plaintiff, v. Canadian County Board of County Commissioners, Geo. D. Haworth as County Treasurer of Canadian County, and Geo. D. Haworth Personally, et al., Defendants. Undertaking:

"Whereas, on the 7th day of April, 1910, in the above-entitled cause, the plaintiff procured to be issued by the judge of said court an order restraining the said defendants from

doing and performing the acts and things complained of in plaintiff's petition herein filed; and

"Whereas, the said order was conditioned upon the execution by said plaintiff of an undertaking in the sum of twenty-five thousand dollars, to be approved by the clerk or judge of said court, to secure the party injured in any damages he may sustain:

"Now, therefore, the undersigned is held and firmly bound unto the said defendants and each of them in the sum of twenty-five thousand dollars, conditioned that the said plaintiff will pay, or cause to be paid, to the said defendants, and to each and either of them, any damages they may sustain if it be finally decided that the restraining order ought not to have been granted.

"Otto A. Shuttee.
"Robt. Sohlberg."

After defendants had demurred to the petition and the same was overruled, the Chicago, Rock Island & Pacific Railway Company answered, in effect, a general denial, and after admitting its corporate existence for further answer in effect alleged that on April 6, 1910, it brought a certain suit in the district court of Logan county against the board of county commissioners of Canadian county, and the board of county commissioners of Kingfisher county, and C. E. Moore, as county treasurer of said county, the object of which was to have certain tax levies in said county and the municipal subdivisions thereof declared void and perpetually enjoined; that on said day its motion for a restraining order against the board of county commissioners of Kingfisher county and said Moore as county treasurer and other defendants (not including plaintiff by name) was granted and they were restrained from collecting or attempting to collect said taxes; that said order was conditioned on the filing of the bond set forth in the petition, which was done, said order providing:

"This order shall be in full force and effect until the 6th day of June, 1910, and until the further order of the court herein."

The answer further states that no motion to dissolve said restraining order was ever made, nor has it been held by said court that the same was wrongfully obtained, but that said Moore, as county treasurer, answered; whereupon, after issue joined by defendant's reply, the court perpetually enjoined the board of county commissioners and said Moore as county treasurer from collecting or attempting to collect of and from defendant any part of the taxes complained of, save for school districts 51, 93, and 92, $196,-20, $56.58, and $19.42, respectively, which the court held, in effect, were lawfully levied

and must be paid.      Wherefore defendant prayed to be discharged with its costs.

The defendants Shuttee and Sohlberg answered, in effect, the same.    For reply, plaintiff, after general denial, admitted the existence and result of the action of the defendant company in the district court of Logan county, as pleaded.  It was thereupon stipulated that this cause be consolidated with a like suit pending in the same court, numbered 8214, entitled Cimarron Township v. Same Defendants, and that the evidence taken at the trial should be used in both cases, but that the judgment and record in each case should be separate.  These causes, as thus consolidated, then proceeded to trial and the following facts were established:

That on April 6, 1910, Chicago, Rock Island & Pacific Railway Company, the defendant company in the district court of Logan county, sued board of county commissioners of Kingfisher county, J. S. Patrick, as county treasurer of Kingfisher county, and J. S. Patrick, personally, and also the board of county commissioners and the treasurer, as an official and personally, of numerous other counties; the object of which, so far as Kingfisher county was concerned, was to enjoin the collection of all taxes levied against said plaintiff by said county and its municipal subdivisions for the fiscal year ending June 30, 1910.  On a hearing of that case, the court granted a restraining order on condition that plaintiff file the bond sued on, and further that:

"This order shall be in full force and effect until 6th day of June, 1910, and until the further order of the court herein."

Pending that cause, plaintiffs in the instant consolidated suit (Cimarron Township of Kingfisher county and School District No. 51 of said county) employed Hinch & Bradley to represent them in said cause and resist defendants' said action to enjoin the collection of their share of the taxes, and to recover the same.  Although plaintiffs were not eo nomine parties defendant in that suit they were named in the petition; their tax levies for the year complained of were sought to be enjoined, and a separate cause of action was sought to be stated against both. At the time Hinch & Bradley were retained as aforesaid, that suit had gone to issue and had so far proceeded that a stipulation had been entered into between all parties in interest, in effect, that defendants be enjoined from collecting or attempting to collect any of the taxes there in question, save the taxes due certain municipal subdivisions of Kingfisher county, among which was the tax

due herein school district No. 51 of Kingfisher county for $196.20, and that, as to the plaintiff herein, Cimarron township of Kingfisher county, defendant take nothing; or, in other words, that the taxes in question levied by said township be not enjoined.

Pursuant to this stipulation, judgment was entered and the defendant company paid certain of the other taxes not enjoined, but did not pay the taxes levied by the plaintiff Cimarron township, and the $196.20 due the plaintiff school district No. 51, and appealed from the order of the court refusing to enjoin that portion of the taxes of the other municipal subdivisions of the county complained of, but that cause was dismissed in this court. Thereafter Hinch & Bradley caused the district court to set aside said stipulation, and tried the cause upon its merits, and recovered of and from the defendant company, in behalf of the plaintiff Cimarron township, and the plaintiff school district No. 51 of Kingfisher county, their taxes thus sought to be enjoined; whereupon they were paid by said plaintiff and an attorney's fee of 25 per cent. of said taxes thus collected, to recover which this suit was brought upon said bond.

To escape liability, it is contended that this is a common-law bond, and that, as it is conditioned that defendants will pay plaintiffs such damages only as they may sustain, if, etc., assuming it had been determined that the restraining order ought not to have been granted, and that plaintiffs are entitled to the benefit of the bond, the right of recovery is limited within the conditions thereof, and, as the same is not conditioned to pay attorney's fees, there is no breach alleged, much less proved, and hence the court erred in sustaining the demurrer to the petition, and, besides, the judgment is contrary to the evidence. On the other hand, it is contended that, as the order of the court required defendants to file the bond sued on conditioned "to secure any party injured thereby in the damages he may sustain, including reasonable attorney's fees," that part of the order concerning attorney's fees was, by implication of law, written into the bond and became a part of the condition thereof, and hence defendants are liable to respond therefor upon the bond; and this, in effect, was the holding of the court.

The court erred. The order of April 7, 1910, restraining the collection of the taxes complained of, providing, as it did, that "this order shall be in full force and effect until June 6, 1910, and until the further order of the court herein," was not only char-

acterized throughout that proceeding as a "restraining order," but such it was. Concerning such orders, Robertson, C., in Offutt et al. v. Wagoner et al., 30 Okla. 458, 120 Pac. 1018, quoting approvingly from Mr. Justice Dunn in Ex parte Grimes, 1 Okla. Cr. 102, 94 Pac. 668, said:

"No bond is, by statute, required on the issuance of a temporary restraining order, although many authorities hold that it is better practice to require it."

Hence, requiring it, as the court did, the same was no more or less than a common-law bond. Being a common-law bond, no terms of the statute inhere in it, and the obligation thereof to respond in damages only cannot be extended so as to include attorney's fees. And this, although the order requiring the bond provides that the obligation thereof be to respond, not only for damages, but for attorney's fees. This for the reason that the bond does not derive its efficacy from the order, but the liability of the obligors thereon must be determined from the bond alone, and not by the order. 9 C. J. 33, says:

"An instrument executed in pursuance to an order or decree of the court is to be construed according to the intention of the tribunal which directed its execution; but a general order of court relative to the subject-matter of a bond cannot vary or control the condition of the bond."—citing Lehan v. Good, 8 Cush. (Mass.) 302; Caskie v. Harrison, 76 Va. 85.

Blankenship et al. v. Ely, 98 Va. 359, 36 S. E. 484, was a suit by Ely, in debt, against the plaintiffs in error upon a bond executed by them pursuant to an order in chancery which required its execution as a condition precedent to the granting of an application for an injunction. The bond was a common-law bond, and was executed in lieu of the appointment of a receiver at the suit of Ely, and, by the order, was required to be conditioned to indemnify and save Ely harmless against the payment of any debts that might be owing by the firm of M. E. Woodward & Co., or due the creditors thereof, and to pay Ely such sum, if any, as might be found due him on final settlement of the business of the partnership, of which he was a member. The bond was signed by John W. Woodward, M. E. Woodward, and two others, and the suit was against the three latter, whose demurrer to the declaration was overruled, and they appealed. Passing upon which the Supreme Court said:

"The court is of opinion that the demurrer to the declaration was properly overruled. The bond sued on was executed in pursuance of a decree of the circuit court of Lee

county. The defendants craved oyer of the bond, and of the decree directing its execution, and then demurred upon the ground that the bond did not conform to the requirements of the decree. The bond does not derive its efficacy from the order. It would be a valid and binding instrument, even though the record of the chancery case had been silent with respect to its execution. In determining the liability of the parties to the bond, we must look to the instrument alone, and not to the order of the court in regard to its execution, and although the instrument may contradict the record, the parties executing it are estopped to deny its recitals. Caskie v. Harrison, 76 Va. 85."

In the headnotes it is said:

"A bond executed pursuant to an order made in a chancery suit requiring its execution, as a condition precedent to the enjoyment of certain rights, does not derive its efficacy from the order. The liability of the obligors is determined by the bond alone, and not by the order. The obligors are estopped to deny the recitals of the bond, even if they were in conflict with record, and a plea of nul tiel record is inapplicable."

Schaefer v. American Bonding & Trust Co., 137 Ill. App. 168, was an action in debt upon an appeal bond given to review a decree in chancery entered in the lower court. The court said:

"The right of recovery is limited within the condition of the bond. We are not at liberty to depart from it to ascertain the claimed intention of the parties. Such intention must be adjudged to be expressed in the bond itself, which is the contract of the parties, and alone binds them. The controlling condition is 'to pay the amount of costs, interest and damages rendered and to be rendered.' We find no averment in the declaration in the record of any finding or judgment for damages against any of the defendants in the chancery suits either in this or the superior court. There is no condition in the bond that interest shall be paid upon the amount placed in escrow by Gunning for the use of appellant, and it is obvious that we are not at liberty to enlarge the obligation of the bond to include it. The interpretation of the language of the bond must be confined to the usual and ordinary meaning of the words used."

See, also, Elmendorf et al. v. Lansing, 5 Cow. (N. Y.) 468; Lancaster County et al. v. Fitzgerald et al., 74 Neb. 433, 104 N. W. 875, 13 Ann. Cas. 88; Columbus, etc., Ry. Co. et al. v. Burke et al., 32 Ohio St. 98, 43 N. E. 282, 32 L. R. A. 329.

We are therefore of opinion that the judgment complained of is not only contrary to the evidence, but, for the reason that plaintiffs' right to recover depended upon a breach of the condition of the bond, which they failed to plead, that the court erred in failing to sustain defendant's demurrer thereto.

Let this cause and cause No. 8214 (C., R. I. & P. Ry. Co. v. Cimarron Township of Kingfisher County, etc.) be reversed and remanded.

All the Justices concur.