EPSTEIN *v.* GRAFF.

1. INJUNCTION—SURETIES ON INJUNCTION BOND MAY NOT BE HELD
   LIABLE THEREON WITHOUT NOTICE OF APPLICATION TO HOLD
   THEM LIABLE.
   A petition to fix the liability of the principal and sureties
   on an injunction bond was properly dismissed as to the
   sureties, who had no notice of the application to hold
   them liable, and therefore have not had their day in
   court.[1]

2. SAME—PROPER REMEDY TO RECOVER DEFICIENCY CAUSED BY IN-
   JUNCTION OF MORTGAGE SALE IS AN ACTION ON THE BOND.
   Where a sale under a chattel mortgage was temporarily en-
   joined, and an injunction bond was given by plaintiff, one
   of the mortgagors, and two sureties, any deficiency and
   damages occasioned by said injunction may not be assessed
   against the sureties on the foot of the decree determin-
   ing the deficiency, but the proper remedy is an action on
   the bond in which all the parties liable should be joined;
   plaintiff alone not being liable for said deficiency.[2]

Appeal from Wayne; Mandell (Henry A.), J.   Sub-
mitted April 22, 1925.   (Docket No. 16.)   Decided
May 14, 1925.

Bill by Meyer Epstein against Davis Graff and an-
other to enjoin a sale under·a chattel mortgage.   De-
fendant Graff filed a cross-bill for affirmative relief.
There was decree for defendant on the cross-bill:   On
petition of defendant to settle the amount of deficiency
after sale.   From an order denying the petition, de-
fendants appeal.   Affirmed.

*Beckenstein & Wienner,* for plaintiff.

*Joseph Gould* (*Samuel Shimans,* of counsel), for de-
fendants.

[1]Injunctions, 32 C. J. § 769; [2]Id., 32 C. J. § 766.

WIEST, J.  Plaintiff filed a bill to enjoin a sale under chattel mortgage, given by himself and defendant Reuben Graff to defendant Davis Graff, and obtained a temporary injunction, upon giving a bond for $10,000 with two sureties thereon.  At the hearing plaintiff's bill was dismissed and, upon the answer of defendant Davis Graff, asking for affirmative relief, sale was decreed under the mortgage for an amount found due and in case of deficiency Davis Graff was granted leave to apply to the court for execution against plaintiff, and William Elson and Aleck Elson, sureties on the injunction bond, as their liabilities might appear and be determined.  It being the intention of the decree that the liability of the plaintiff and Reuben Graff for deficiency, if any, and the liability of the plaintiff, and the sureties on the injunction bond, be left undetermined for the time being.  Plaintiff held possession of the mortgaged chattels under the temporary injunction and also as receiver in another case in the same court brought by Reuben Graff against him. Sale was made, deficiency reported and no appeal taken.  Some months later defendant Davis Graff petitioned the court to settle the amount of the deficiency due from the plaintiff "and to fix the liability of the said plaintiff and the liability of the sureties on the plaintiff's injunction bond for the amount of the deficiency that may be found due, according to the decree of this court."  No notice of this petition was given the sureties on the injunction bond.  The petition was dismissed, the court holding that the liability of plaintiff and the sureties on the injunction bond for deficiency and damages, if any, should be determined in an action at law on the bond.  From this order Davis Graff appealed.  Counsel for Davis Graff admitted on the argument that the circuit judge was right in denying relief against the sureties, but insists there was error in dismissing the petition as to plaintiff.  The injunction bond provided:

"That if the above bounden Meyer Epstein shall well and truly without fraud or delay pay or cause to be paid to the defendant Davis Graff or his legal representative any judgment or decree and all damages that may be awarded to Davis Graff against said plaintiff, Meyer Epstein, by reason of the pendency of said injunction, then this obligation shall cease and be null and void, otherwise to remain in full force and effect."

The record does not contain the testimony, if any, taken upon the hearing of the petition. The sureties on the injunction bond have had no notice of the application to hold them liable and to determine the amount of their liability and therefore have not had their day in court. No statute requires such a bond and, therefore, the remedy is by action upon the bond. The decree in the case determined the amount due under the mortgage. The report of sale made by the sheriff together with the costs thereof and the cost taxed in the case determined the amount of the deficiency. To recover deficiency and damages, if any, occasioned by the injunction Davis Graff may sue on the bond but cannot have the same assessed against the sureties on the foot of the decree. The mortgage indebtedness was that of plaintiff and defendant Reuben Graff. Plaintiff is not alone liable for the deficiency. If suit is brought to recover the deficiency, all parties liable therefor should be brought in.

The order appealed from is affirmed, with costs to plaintiff.

MCDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. BIRD, J., did not sit.