GRAFF v. EPSTEIN.

1. CHATTEL MORTGAGES—BILL TO ENJOIN FORECLOSURE—DECREE— POWER OF COURT.

Under a bill to enjoin the foreclosure of a chattel mortgage challenging its validity and the amount claimed to be due and payable, and an answer in the nature of a cross-bill praying for an accounting, determination of amount due, decree that plaintiff pay and sale under the direction of the court in case of nonpayment, and personal decree against plaintiff and the sureties on the injunction bond, the court was empowered to take an account of the amount due on the mortgage, decree payment thereof, order sale and report, and determine deficiency, thereby binding plaintiff and the sureties.

2. SAME — EQUITY — FORECLOSURE — INJUNCTION — OFFER TO DO EQUITY—IMPLICATION.

By necessary implication, a bill to enjoin the foreclosure of a chattel mortgage constitutes an offer to do equity by paying the balance, if against the party invoking an accounting in equity.

3. SAME—INJUNCTION BOND—LIABILITY.

Where, on enjoining the foreclosure of a chattel mortgage, the court required a bond to be filed conditioned upon payment of "any judgment or decree and all damages that may be awarded" against plaintiff, the decree referred to in the bond is not a decree for damages, but such decree as the court had jurisdiction to pass under the bill filed.

4. INJUNCTION—LIABILITY ON INJUNCTION BOND.

The liability of sureties on an injunction bond cannot exceed the penalty of the bond.

5. SAME.

Neither the plaintiff in a suit to enjoin the foreclosure of a chattel mortgage, nor the sureties on his bond conditioned to pay any decree rendered against him, may

¹Chattel Mortgages, 11 C. J. § 500 (Anno); ²Id., 11 C. J. § 501 (Anno); ³Id., 11 C. J. § 500; ⁴Injunctions, 32 C. J. § 809; ⁵Chattel Mortgages, 11 C. J. § 500.

escape liability on the bond because the decree was rendered against him and another jointly.

6. PARTNERSHIP—SEPARATE OBLIGATION OF PARTNER TO PERFORM PARTNERSHIP CONTRACT.

Although under the uniform partnership act (Act No. 72, Pub. Acts 1917), partners are liable jointly and not severally, except for wrongful acts or breach of trust, any partner may enter into a separate obligation to perform a partnership contract.

7. CHATTEL MORTGAGES—FORECLOSURE—INJUNCTION BOND—LIABILITY OF PARTNERS AND SURETIES ON BOND.

Where two partners gave a mortgage on partnership property, and one of them brought suit to enjoin its foreclosure, making his partner a defendant, he assumed a relation, with reference to rights and remedies of the partnership creditor, in which he could, and did, by the giving of an injunction bond, obligate himself and his sureties jointly and severally for the deficiency.

8. INJUNCTION—LIABILITY ON INJUNCTION BOND.

Liability on an injunction bond is determined by it alone and not by the terms of the order therefor.

9. CHATTEL MORTGAGES—FORECLOSURE—INJUNCTION BOND—LIABILITY OF PARTIES FOR DEFICIENCY.

Plaintiff, in a suit to enjoin the foreclosure of a chattel mortgage given by himself and his partner, the sureties on his injunction bond, and his partner, who was a party to the suit, are all concluded by the decree in the suit adjudging the amount due and establishing the deficiency; plaintiff and his partner because primarily liable and because of their day in court, and the sureties because they assumed a connection with that suit to such end if it so resulted.

Error to Wayne; Webster (Clyde I.), J.    Submitted January 25, 1927.    (Docket No. 22.)    Decided April 1, 1927.

Assumpsit by Davis Graff against Meyer Epstein and others on a bond.    Judgment for defendants on

[6]Partnership, 30 Cyc. p. 533; [7]Chattel Mortgages, 11 C. J. § 500; [8]Injunctions, 32 C. J. § 808; [9]Chattel Mortgages, 11 C. J. § 500.

a directed verdict.    Plaintiff brings error.    Reversed, and judgment ordered entered for plaintiff.

*Samuel Shimans,* for appellant.

*Beckenstein & Wienner,* for appellees.

WIEST, J.    Davis Graff owned an auto accessory stock and business in the city of Detroit.    He sold to Meyer Epstein and Reuben Graff, copartners.    Epstein and Reuben Graff gave Davis Graff a chattel mortgage on the stock for $15,000, to secure notes for $20,000.    Epstein and Reuben Graff defaulted in payments and Davis Graff, mortgagee, started foreclosure.    Thereupon Epstein filed a bill in the Wayne circuit against Davis and Reuben Graff, challenged the validity of the mortgage, the amount claimed to be due and payable, alleged a "conspiracy by the Graffs to obtain the stock and business" and asked for an injunction enjoining Davis Graff from taking possession under the mortgage and from foreclosing.    Separate answers were filed by Davis and Reuben Graff.    Upon the coming in of the answers the court granted a temporary injunction restraining Davis Graff from taking possession under the mortgage and from foreclosing, but provided:

"It is further ordered, that as a condition precedent to the issuance of said injunction, the plaintiff file with the clerk of this court, within five days from this date, a bond in the penal sum of ten thousand ($10,000) dollars with sufficient surety to be approved by this court, said bond to indemnify the defendant Davis Graff for any and all damages the defendant Davis Graff may recover of and from the plaintiff herein by reason of the issuance of said injunction."

The bond, executed by Epstein as principal and William Elson and Aleck Elson as sureties, was filed, and provided:

"Now therefore, the condition of this obligation is such that if the above bounden Meyer Epstein shall well and truly without fraud or delay pay or cause to be paid to the defendant Davis Graff or his legal representative any judgment or decree and all damages that may be awarded to Davis Graff against said plaintiff, Meyer Epstein, by reason of the pendency of said injunction, then this obligation shall cease and be null and void, otherwise to remain in full force and effect."

After the bond was filed, Davis Graff, by further answer in the nature of a cross-bill, prayed for an accounting, determination of amount due, decree that Epstein pay, sale under direction of the court, in case of nonpayment, and personal decree against Epstein and the sureties on the injunction bond.   At the hearing, Epstein's bill was dismissed and decree granted Davis Graff, finding the amount due, default under the chattel mortgage, that the mortgagee was rightfully foreclosing when stopped by injunction; that Epstein, William and Aleck Elson gave bond conditioned to pay Davis Graff "any judgment or decree and all damages"  *  *  *  by reason of the injunction; that Epstein was in possession; that the unpaid amount due on the mortgage was $12,169; that sale be made by the sheriff, and if there was a deficiency then leave was granted to apply. to the court

"for execution for such deficiency against plaintiff, Meyer Epstein, and against William Elson and Aleck Elson, sureties on the injunction bond, as their liabilities may appear and be determined.   It being the intention of this decree that the liability of the plaintiff for deficiency, if any, and the liability of the plaintiff, and the sureties on the injunction bond, is for the present undetermined in this case."

No appeal was taken from this decree and the sale was made by the sheriff.   Davis Graff was the purchaser at $4,000.   Report of sale was made and the court confirmed the sale by order.   Later Davis Graff petitioned the court on the foot of the decree to de-

termine the amount of the deficiency due and to fix the liability of Epstein and the sureties on the injunction bond. The court held that the liability of Epstein and the sureties and the amount thereof, if any, should be determined in an action on the bond at law. An appeal was taken from such denial and the order in the circuit was affirmed by this court. *Epstein* v. *Graff,* 231 Mich. 232. In that case we said:

"No statute requires such a bond and, therefore, the remedy is by action upon the bond. The decree in the case determined the amount due under the mortgage. The report of sale made by the sheriff together with the costs thereof and the cost taxed in the case determined the amount of the deficiency. To recover deficiency and damages, if any, occasioned by the injunction, Davis Graff may sue on the bond but cannot have the same assessed against the sureties on the foot of the decree. The mortgage indebtedness was that of plaintiff and defendant Reuben Graff. Plaintiff is not alone liable for the deficiency. If suit is brought to recover the deficiency, all parties liable therefor should be brought in."

Following this decision the suit at bar was brought by Davis Graff against Meyer Epstein, William Elson, Aleck Elson and Reuben Graff to recover the deficiency on the mortgage foreclosure. At the trial plaintiff relied upon the decree before mentioned and the deficiency disclosed by the report of sale and confirmation and the opinion of this court above mentioned. The condition of the obligation in the injunction bond went beyond the terms of the order directing the bond to be given and the point was made at the trial, and is again urged here, that the order controls rather than the condition of the bond, and defendant Epstein and the sureties can only be held for damages occasioned by the injunction. The circuit judge was of the opinion that this point was well taken, and also that plaintiff could not have judgment upon the record in

the former suit, but must establish his damage by evidence *aliunde* and directed a verdict for defendants. This judgment we review by writ of error.

The court, under the bill and cross-bill, was empowered to take an account of the amount due on the mortgage, decree payment thereof, order sale and report and determine deficiency. This was done and binds Epstein and the sureties. Under old form, and still by necessary implication, the injunction bill constituted an offer to do equity by paying the balance if against the party invoking an accounting in equity. See *Wyatt* v. *Sweet,* 48 Mich. 539.

*American Bonding Co.* v. *State,* 120 Md. 305 (87 Atl. 922), was an action at law on an injunction bond, and it was there held, as we held in *Epstein* v. *Graff, supra,* that remedy on the bond was at law and not in the injunction suit; and also that the decree referred to in the bond was not a decree for damages, but such a decree as the court had jurisdiction to pass under the bill filed. It was also said with marked applicability to the case at bar:

"It is true, as said by Judge Burke in *Phœnix Pad Co.* v. *American Coat & Pad Co.,* 111 Md. 549 (75 Atl. 394, 19 Ann. Cas. 667) :

" 'The general rule is that in an action upon an injunction bond the recovery must be confined to such actual damages as the plaintiff may be able to show were suffered by him. This damage must be the natural and proximate consequence of the issuing of the injunction.'

"But where, as in this case, a court of equity has jurisdiction to decree the payment of a sum found to be due from the plaintiff to the defendant, and the conditions of the bond require the plaintiff to perform such decree as the court shall pass in the premises, there can be no doubt of the liability of the surety for the amount of said decree."

Of course, liability of the sureties cannot exceed the penalty of the bond. The decree found the amount

due on the mortgage given by Epstein and Reuben Graff and afforded both, or either, opportunity to pay, before sale. The decree for deficiency, in form, was against Epstein and Reuben Graff, while the bond obligation was to pay any judgment or decree awarded Davis Graff against Meyer Epstein. Epstein invoked the aid of equity and gave bond to pay any judgment or decree rendered against him and neither he nor his sureties can escape by pointing to the joint liability of Reuben Graff.

It is true that, under the uniform partnership act (Act No. 72, Pub. Acts 1917, Comp. Laws Supp. 1922, § 7966 [15]), partners are liable jointly and not severally, except for wrongful acts or breach of trust, but any partner may enter into a separate obligation to perform a partnership contract.

At the time the bill was filed by Epstein for an injunction, Reuben Graff was, and he still is, jointly liable with him on the obligation secured by chattel mortgage. When Epstein made Reuben Graff a defendant in that case and enjoined Davis Graff, the mortgagee, from taking possession and foreclosing, he assumed, in equity, a relation, with reference to rights and remedies of the partnership creditor, in which he could obligate himself by bond to pay any decree or judgment rendered therein. The injunction bond, while not releasing his partner from joint liability for the indebtedness secured by mortgage, obligated Epstein anew and severally, and the sureties as well, to pay any deficiency found by the court upon the sale, up to the amount of the bond. Epstein and Reuben Graff are jointly liable; and Epstein, under the bond, and the sureties thereon, are jointly and severally liable for the deficiency, not exceeding, however, the penalty of the bond. The dismissal of Epstein's injunction bill, and decree upon the cross-bill, gave Davis Graff a right of action on the injunction bond. The obligations of the

bond went beyond the terms of the court order. Which controls, the order or the bond? If the order for the bond governs, then remedy on the bond is limited to damages occasioned by the injunction. If the bond governs, then there was an assumption of liability to satisfy any judgment or decree as well as damages occasioned by the injunction.

But counsel for Epstein say:

"It is not our contention, as counsel's brief intimates, that the order and not the bond controls. Our contention is that, although the bond and not the order is the contract between the parties, the bond, however, to be valid, must conform to the order. If it conforms to the order it is valid. But, if it contains an undertaking in excess of what is required in the order, that excessive undertaking is without consideration and is void. In other words, the order defines and limits the undertaking."

In case of variance, either the order or the bond must control. If the bond is not regulated by the statute and is a common-law one, then, in jurisdictions proceeding in accord with the common law, the bond controls. We limit consideration to a common-law bond. The Federal courts do not proceed in accord with the course of the common law and decisions therein are of no help in this case.

The rule with reference to a common-law bond in an injunction suit is well stated in *Blankenship* v. *Ely*, 98 Va. 359 (36 S. E. 484). We quote from the syllabus:

"A bond executed pursuant to an order made in a chancery suit requiring its execution, as a condition precedent to the enjoyment of certain rights, does not derive its efficacy from the order. The liability of the obligors is determined by the bond alone, and not by the order. The obligors are estopped to deny the recitals of the bond, even if they were in conflict with record, and a plea of *nul tiel record* is inapplicable."

In *American Exchange National Bank* v. *Goubert*, 210 N. Y. 421 (104 N. E. 928), the order for the injunction required an undertaking to pay damages resulting from the injunction and also to pay the debt, while the bond given was confined to the payment of damages only.    Held, in an action on the bond, that the bond constituted the contract and not the order, and the bond could not be enlarged by reference to the terms of the order.    The point there was the converse of the point here, but the rule applied works both ways.    The terms of the order for the bond cannot be read into this common-law bond or employed to read any condition out of the bond.    If a bond in an injunction suit does not meet the terms of the order it may be rejected, but if the conditions inserted exceed the terms of the order and the bond is accepted, then, except the conditions of the order and bond be governed by statute, the bond is good to the full extent of all its undertakings if the conditions are not unlawful.    The terms of the order for the bond rested in the sound discretion of the court and could lawfully have included what the bond gave.    *Billings* v. *Sprague*, 49 Ill. 509.    Being a common-law bond, no terms of any statute inhere.    The liability of the obligors is determined by the bond alone and not by the terms of the order.    *Chicago, etc., R. Co.* v. *Township of Cimarron*, 68 Okla. 7 (170 Pac. 909).

Epstein, the sureties and Reuben Graff are concluded by the decree adjudging the amount due and establishing the deficiency; the sureties, because they assumed a connection with that suit to such end if it so resulted, and Epstein and Reuben Graff because of their primary liability and their day in court in that suit.

In the injunction suit the court determined there was due on the mortgage $12,818.66.    At the sale, under decree, the mortgaged property brought $4,000. The costs and charges were taxed at $280.    The costs

and charges deducted from the sale price of $4,000 left the deficiency at $9,098.66, and this with interest at the time of the trial amounted to more than $10,000.    At the trial in the circuit defendants offered no proof and had no legal defense.    Upon this record plaintiff is entitled to judgment against all the defendants for the sum of $10,000.

The judgment below is reversed and the case remanded to the circuit with direction to enter such judgment.    Plaintiff will recover costs of this court against Epstein and the sureties.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.