### SARTOR v. STRASSHEIM.

1. Under the code, section 185, a reference may be ordered by the court on the stipulation of the parties to try all issues of fact as well as of law, and to report findings and judgment thereon.
2. A complainant who sues out a writ of injunction other than to stay a judgment at law is liable under the code (section 127) to pay all costs and damages that shall be awarded against him in case the injunction shall be modified or dissolved.
3. In suits for dissolution of a copartnership, the appointment of a receiver and the issuance of an injunction, damages cannot be awarded in the original cause in the absence of a statute authorizing the same on the dissolution of the injunction, but the party aggrieved must resort to an independent action.

*Appeal from District Court of Fremont County.*

THIS was a suit to dissolve a partnership, the appointment of a receiver, for an accounting and injunction restraining the appellee from interfering with the property of the copartnership pending the suit. The injunction was granted and a receiver appointed. Other facts are stated in the opinion.

Mr. C. G. CLEMENT, Mr. A. J. SAMPSON and Mr. W. M. LOCKE, for appellant

Messrs. Bentley and Vaile and Mr. A. Macon, for appellee.

Beck, C. J.    The reference ordered by the court in this cause was to try all issues of fact as well as of law, and to report findings and judgment thereon.    The record shows that this reference was made by stipulation of the parties; it was therefore authorized by section 185 of the Code of Civil Procedure, Comp. 1883.    This disposes of the first and second assignments of error.

The remaining errors relate to the report of the referee, and to the judgment of the court.

The referee's report shows that he not only fully investigated and tried the issues arising under the pleadings, but that he extended his investigation to the subject of damages accruing to the defendant by reason of the wrongful suing out of the injunction and appointment of the receiver.    The judgment reported is in favor of the defendant, Strassheim, for such damages.

Exceptions were filed by the complainant, Sartor, to the findings and judgment, but they were overruled by the court, and the judgment reported was entered as the final judgment in the case.

In this the court clearly erred, first, because the trial of the question of damages was premature; and second, because the statute does not authorize an award of damages, in cases of this character, to be made in the original case.

A complainant who sues out a writ of injunction other than to stay a judgment at law is liable, under section 127 of the code, to pay all such costs and damages as shall be awarded against him, in case the injunction shall be modified or dissolved in whole or in part.    The under-taking in this case was conditional as follows: "The said plaintiff shall pay to the said party enjoined, such damages, not exceeding the sum of $1,000, as such party may sustain by reason of said injunction, and the appointment

of said receiver, if the said district court shall finally decide that the said plaintiff was not entitled thereto."

At the time of the investigation of this subject of damages, there was not only no issue under which the testimony was admissible, but the district court had not modified or dissolved the injunction, nor decided that the complainant was not entitled to an injunction and the appointment of a receiver.

The law appears to be pretty well settled, also, that, in actions of this character, damages cannot be awarded in the original cause, in the absence of a statute authorizing the same on the dissolution of the injunction, but the party aggrieved must resort to an independent action. An examination of the authorities cited upon the point has satisfied us that no authority exists, under our statutes and practice, to award damages in the injunction proceeding. The conclusion of Mr. High, in his treatise on the law of injunctions, upon the point, is thus expressed: "But while courts of much respectability have insisted upon the exercise of such a jurisdiction, treating it as a cumulative remedy, entirely independent of and distinct from any action which might be brought upon the bond, the undoubted weight both of authority and principle is against the exercise of such a jurisdiction." Vol. 2, sec. 1657. He further says that in the absence of express legislation a court of equity, upon dissolving an injunction, has no power to ascertain, by reference or otherwise, the damages sustained.

The opinions in some of the reported cases in point were rendered on statutes which have since been modified, as in the case of *Phelps v. Foster*, 18 Ill. 309. See *Taylor v. Brownfield*, 41 Ia. 264; *Crescent City, etc. Co. v. Larrieux*, 30 La. Ann. 742; *Logsden v. Willis*, 14 Bush, 183.

We think the evidence taken and reported by the referee fully sustains his findings and conclusions upon the issues presented by the pleadings. These issues relate to

the alleged partnership contract, business and property. The evidence satisfactorily shows that, at the date of the hearing, the defendant was not indebted to the complainant on account of the business arrangements and transactions mentioned in the complaint, whatever their legal character may be termed, nor had he any property in which the complainant was interested, either in the hands of the receiver or elsewhere.

To this extent the inquiries of the referee were duly authorized, and his conclusions and findings sustained by the facts reported. Having the facts before it, the court should have disregarded the erroneous conclusions, and rendered the proper judgment, or decree, instead of the judgment so reported. *Calderwood v. Pyser*, 31 Cal. 337.

This may still be done; and to this end the judgment of the district court will be reversed and the cause remanded, with directions to said court to dissolve the injunction, and to dismiss the bill at the costs of the complainant. That the receiver be ordered to report to the court his acts and doings by virtue of his appointment; that he pay into court, subject to the order of defendant, all moneys which have come, or which may yet come, into his hands as such receiver; that if he retains any of the property taken or received from the defendant, he immediately return the same to said defendant, and that he abide the further order of the court.

It is further ordered that said defendant, Jacob Strassheim, pay the costs of this appeal. Judgment reversed.

*Reversed.*