FITE v. VAN ANTWERP et al.

Rehearing Denied Dec. 7, 1948.

*200 P. 2d 439.*

Spillers, Spillers & Voorhees, of Tulsa, for plaintiff in error.

S. J. Clendinning, of Tulsa, for defendants in error.

DAVISON, V. C. J.  This is an appeal by plaintiff below, Marcia Fite, from a judgment founded upon the trial court's order sustaining a general demurrer to her third amended petition. The action was originally filed against Colonial Housing Corporation and, upon its dissolution, L. N. Van Antwerp, L. E. Van Antwerp, and Mildred Epling, trustees thereof, were substituted as defendants.

Plaintiff's said petition alleged the corporate existence of the defendant with L. N. Van Antwerp as its president; that by obtaining priorities from the War Production Board for materials, the defendant constructed several houses in a housing area in Tulsa county; that she was desirous of occupying a certain one of these houses, being the one involved herein, and was informed by said Van Antwerp that; in order to obtain said priorities, the defendant had entered into a contract with the War Production Board by the terms of which "the defendant was required to make the following lease option offer to any person who occupied Third Crestview Estates, to wit: That if the plaintiff would occupy the said premises for thirty-six (36) consecutive months and make payments of $45 per month for such period that the plaintiff would be given an option to purchase said real property for the sum of $4,200, and that $1,500 of the said 36 monthly payments aforesaid was to be credited to the plaintiff as a down payment on the purchase price of $4,200."

Plaintiff further alleged that the said representations were false and were willfully made to induce plaintiff to occupy the premises and plaintiff believed them to be true; that she relied on these false representations and accepted the terms of the purported lease option, living on the premises 36 months making 36 monthly payments of $45 each; that thereafter she gave notice in writing of her intention of exercising said option, tendering $2,700 as the balance of the purchase price, which defendant refused to accept, denying the existence of any such contract; that she has performed all the conditions of said contract and that she has been damaged by the false misrepresentations and has no adequate remedy at law. She further alleged that during the 36-month period she had opportunities to purchase other houses at reasonable prices but did not do so because of reliance upon the false representations and her belief that she had an option to purchase the house involved; that no such contract existed with the War Production Board but that defendant should be estopped to deny the existence of the same. She tendered $2,700 as the balance of purchase price and prayed for specific performance.

Defendant's demurrer was based upon the statute of frauds, while plaintiff contended that defendant was estopped from setting up the same because of the fraud practiced upon her. The trial court sustained the demurrer.

In support of her position, plaintiff here urges three propositions: That defendants are estopped to deny the existence of a third party beneficiary contract for the benefit of this plaintiff; that plaintiff may specifically enforce the third party beneficiary contract; that, having fully performed, plaintiff is entitled to specific performance. Plaintiff predicates her alleged right to recover entirely upon the theory that the action of defendant establishes an equitable estoppel against denying the existence of a third party beneficiary contract between defendant and the War Production Board and that she can en-

force it because of the provisions of 15 O. S. 1941 §29, as follows:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

This reasoning disregards the holding of this court in the case of Anderson v. Gibbs Lumber Co., 157 Okla. 17, 10 P. 2d 416, that:

"It is necessary that there be a valid and binding contract between promisor and promisee to entitle a third party to maintain an action on a promise made to another for his benefit."

The above case further holds that, even where there is such a contract, it is unenforceable by the third party if made without consideration. To the same effect is the opinion in the case of Electric Supply Co. v. City of Muskogee et al., 171 Okla. 130, 42 P. 2d 140. In the instant case, plaintiff specifically alleged that there was no such contract between defendants and the War Production Board, but that defendant was estopped to deny its existence. Could such a contract be established by estoppel, plaintiff has not set out in her petition allegations sufficient to entitle her to the application of the rule. In the case of Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329, the essential elements of equitable estoppel are enumerated in a quotation from Texas Co. v. Petitt, 107 Okla. 243, 220 P. 956, as follows:

" 'First, there must be a false representation or concealment of facts. Second, it must have been made with knowledge, actual or constructive, of the real facts. Third, the party to whom it was made must have been without knowledge, or the means of knowledge of the real facts. Fourth, it must have been made with the intention that it should be acted upon. Fifth, the party to whom it was made must have relied on or acted upon it to his prejudice."

In discussing these elements and their relationship to the statute of frauds, in the case of St. Louis Trading Co. et al. v. Barr, 168 Okla. 184, 32 P. 2d 293, it is stated:

"It is an indispensable element of equitable estoppel that the person relying thereon must have been induced to act or alter his position to his detriment or injury, and where equitable estoppel is relied on to preclude another from asserting the statute of frauds as a defense to an oral contract. . . (for sale of realty) such injury must be unjust and unconscionable, and such that there is no complete and adequate remedy at law available to the person asserting the equitable estoppel."

As to any damages plaintiff herein may have suffered by reliance upon the alleged misrepresentations, her petition states that she paid $45 per month for 36 months as rental for the house in question, but it is not alleged that such rent was excessive for such occupancy. It is further alleged that she could have purchased a comparable house elsewhere at that time for the same price, but could not do so at the time the petition was filed. The extent, therefore, of all detriment plaintiff suffered was an amount which could be accurately computed in dollars and cents. This being so, it was necessary for her, as was said in Hall v. Haer, 160 Okla. 118, 16 P. 2d 83, to "resort to an action at law to recover compensation therefor."

The petition contains no allegation of damages suffered which could not be compensated for in money.

"Not only must the person who claims the benefit of an equitable estoppel to prevent another from pleading the statute of frauds be misled to his prejudice, but the injury suffered by him must be of such a character that he could not obtain redress in an ordinary way by an action at law." St. Louis Trading Co. v. Barr, supra.

Measured by these rules and principles, plaintiff's petition did not state facts sufficient to entitle her to the relief sought.

The judgment is affirmed.

HURST, C. J., and RILEY, BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur. ARNOLD, J., dissents.