McDOWELL v. CAGLE et al.

No. 34680.   Dec. 4, 1951.

Rehearing Denied Jan. 8, 1952.

*240 P. 2d 783.*

Wm. T. Powell, Walters, for plaintiff in error.

Luther B. Eubanks, Walters, for defendants in error.

GIBSON, J. This is an action brought by A. J. McDowell against E. R. Cagle and E. R. Cagle, Jr., to enjoin them from interfering with him in harvesting a crop of alfalfa seed growing on certain farm land located in Cotton county, Oklahoma.

On August 22, 1949, the county judge, in the absence of the district judge from the county, issued a temporary injunction enjoining defendants from harvesting the alfalfa seed crop until further order of the court and set the case for hearing on permanent injunction on August 26, 1949.

On August 26, 1949, on motion of defendants the court modified the temporary injunction so as to permit defendants to harvest the alfalfa seed crop under the supervision of the court and ordered that one-half of the alfalfa seed be delivered to plaintiff and the other half to be stored to abide final judgment in the case. An overseer was appointed by the court to superintend the harvesting of said crop and to see that proper division thereof was made as provided by the terms of the order. The crop was thereafter harvested for seed and under an agreement entered into between the parties one-half of the seed was delivered to plaintiff and the other half sold and the money derived from the sale was deposited in the office of the court clerk of Cotton county to abide final judgment in the case.

While the parties in their briefs refer to the order as an order dissolving the injunction, the language contained in the order shows upon its face that the injunction was not dissolved but

was merely modified to the extent as above set forth.

Plaintiff in his petition pleads that he is the owner and entitled to possession of the N.W.¼ of section 5, township 3 south, range 10 west, Cotton county, Oklahoma, and that he is entitled to all crops growing thereon, particularly alfalfa seed crop; that defendants wrongfully entered upon the premises and are attempting, without right, to harvest the alfalfa seed crop and that they should be restrained and enjoined from so doing and unless restrained and enjoined defendants will proceed to harvest the alfalfa seed crop and plaintiff will suffer irreparable harm and injury.

The evidence discloses that on the 7th day of August, 1948, LeRoy Williams, who was then the owner of the land, entered into a written lease contract whereby he leased the land to defendants for one year beginning August 7, 1948, and ending August 1, 1949. The lease among other things provides that the parties of the second part, defendants herein, were to pay to party of the first part as rent of the premises one-half of the alfalfa hay to be delivered in the barn free from all costs to party of the first part, except that party of first part was to pay one-half of the actual baling costs.

Thereafter, and during the term of the lease, Mr. Williams sold the land to plaintiff herein and assigned the lease contract to him.

After the lease had expired defendants entered upon the premises for the purpose of harvesting the crop for alfalfa seed. Plaintiff thereupon obtained an injunction preventing them from so doing. The crop was then harvested under the terms of the modified order and the seed divided as above set forth, and plaintiff paid the entire expenses of harvesting totalling the sum of $150.

These facts were all testified to by plaintiff and are undisputed.

Defendants rely as a defense upon the doctrine of estoppel. They assert that plaintiff has made such statements and was guilty of such acts and conduct as will estop him to assert that they had no right to enter upon the premises after the expiration of the lease contract and harvest the alfalfa seed crop.

Defendants in their answer plead the facts relied upon by them to constitute an estoppel.

It is alleged that prior to August 1, 1949, defendants went upon the land with the intention of harvesting the alfalfa crop then standing and at that time plaintiff and defendants had a conversation relative to harvesting the alfalfa and that it was agreed that it would be more advantageous to both parties to postpone the harvesting of the alfalfa until such time as a seed crop could be harvested; that plaintiff knew that a seed crop could not be harvested until after August 1, 1949, but that plaintiff made no mention of his intent to claim the whole crop after that date. It was further alleged that the agreement, conduct and action of plaintiff induced defendants to postpone the harvesting of the alfalfa until after August 1, 1949, although the crop was mature for hay at the time of the oral agreement, and that defendants were thereby induced to believe that plaintiff would not object to defendants' harvesting the seed crop after August 1, 1949; and that the agreement, acts and conduct on the part of the plaintiff prejudiced the rights of defendants and that plaintiff should be estopped from denying that defendants were entitled to their share of said alfalfa crop.

Defendant E. R. Cagle, Sr., in order to establish his allegation of estoppel, testified that some time prior to the expiration of the written lease he had started to cut the alfalfa crop for hay; that plaintiff appeared upon the scene and in their conversation plaintiff stated that the proper thing to do would be to leave the alfalfa for a seed crop as it would make a lot more money.

The witness further testified that it was well known by both parties that

the alfalfa would not have matured within time to have harvested the crop for seed during the life of the lease; that he could have removed the crop for hay prior to the expiration of the lease; that he would have done so except for the conversation above detailed, and that relying on such conversation he refrained from harvesting the crop for hay.

Plaintiff denied that the above conversation as testified to by defendant ever took place. He further testified that he informed defendant that they might harvest the crop at any time before the expiration of the lease.

After the temporary injunction was modified, as above stated, the trial court and all parties in interest treated the action as one at law, an action by defendants to recover against plaintiff one-half of the proceeds derived from the sale of the alfalfa seed and deposited in the office of the court clerk.

The trial was to a jury and resulted in a verdict in favor of defendants for the sum of $946.80, less one-half of the costs of harvesting. The trial court entered judgment on the verdict in favor of defendants for said sum less $75, one-half of the cost of harvesting, which amount the judgment recites was agreed upon by the parties.

On March 7, 1950, and after plaintiff's motion for new trial had been overruled, notice of appeal given and supersedeas bond filed, defendants filed a motion for the allowance of a reasonable attorney's fee to them for defense of the injunction suit as damages for the wrongful issuance of the injunction. A hearing was had on the motion and the trial court entered judgment against plaintiff allowing defendants attorney's fees in the sum of $300.

Plaintiff appeals, and in his brief relies for reversal on the following assignments: (1) the trial court erred in giving its instruction No. 2; (2) the judgment is not supported by the evidence and is contrary to law; (3) the court erred in rendering judgment against him and in favor of defendants for attorney's fee.

With reference to the instruction given, plaintiff in his brief makes no argument and presents no authorities to sustain his assignment of error but contents himself with the observation that the pleadings and the evidence in the record do not justify the giving of said instruction. We have examined the questioned instruction No. 2, and in our opinion it is a sufficient and adequate statement of the law of estoppel as applied to defendants' evidence. By its verdict the jury expressed its belief of defendants' testimony. The evidence was sufficient to sustain the verdict.

While the evidence as to the issue of estoppel is conflicting, it was sufficient to take such issue to the jury. Plaintiff in his brief argues that defendants in their pleadings do not plead estoppel; that they plead an oral contract was entered into between the parties subsequent to the execution of the written agreement whereby they extended the terms of the lease and that the evidence offered is insufficient to show that a completed oral contract had been entered into between the parties; that there was no meeting of minds as to essential and particular matters necessary to constitute a completed contract.

Defendants, however, in their answer do not rely upon an oral agreement entered into subsequent to the execution of the written agreement extending the term of the lease. They rely upon estoppel. They plead and prove facts which they assert are sufficient to estop plaintiff from asserting that they had no right to enter upon the premises after the expiration of the written lease for the purpose of harvesting the alfalfa seed crop under the terms of the written agreement.

The facts pleaded and the evidence offered in support thereof are sufficient to constitute an estoppel.

The evidence of defendants was sufficient to show that they relied upon the

oral agreement and the statements by plaintiff and acting thereon they changed their position to their detriment. They were ready to harvest the alfalfa as a hay crop, within the terms of the lease. They lost the hay crop, one-half of which was to have been their property under the terms of the lease, if they later were to be denied participation in the seed crop.

In Walker Valley Oil & Gas Co. v. Parks & Palmer, 128 Okla. 286, 262 P. 672, we quoted, with approval, Pomeroy on Equity Jurisprudence (4th Ed.) vol. 2, §804, as follows:

"Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person, who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right, either of property, of contract, or of remedy."

And we have applied the rule of equitable estoppel where a lessee was knowingly permitted to act upon an oral agreement to execute a written lease to real estate, to her material detriment. Lacy v. Wozencraft, 188 Okla. 19, 105 P. 2d 781.

It is finally contended by plaintiff that the court erred in assessing attorney's fees against him and in favor of defendants as an element of damages for the wrongful issuance of the injunction. With this contention we agree.

In the absence of a statute so providing the court in the injunction suit, upon denial of a permanent injunction, is without authority to award attorney's fees against plaintiff as an element of damages for wrongfully causing the injunction to issue. We have no statute authorizing such procedure. Sorter v. Strassheim, 8 Colo. 185, 6 P. 215; Higgins v. Adelson, 131 Neb. 820, 270 N. W. 502; Jacobs v. Greening, 109 Kan. 674,

202 P. 72; Junction Irrigation Co. v. Snow, 101 Utah 71, 118 P. 2d 130; Vol. 28 Am. Jur. Injunction, §§355 and 356; Chicago, R. I. & P. R. Co. v. Cimarron Tp., Kingfisher County, 68 Okla. 7, 170 P. 909.

Under the above authorities the court erred in entering judgment against plaintiff and in favor of defendants for attorney's fee.

In so far as judgment is rendered in favor of defendants for the recovery of one-half of the proceeds derived from the sale of the alfalfa seed less one-half of the costs of harvesting, it is affirmed, and it is reversed as to the judgment entered on the motion filed for attorney's fee with directions to vacate such judgment and dismiss the motion.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.