S. D. WILLIAMS, Plaintiff in Error,

v.

Joe J. JONES, Defendant in Error.

Birdie Jones, Intervener.

No. 37886.

Supreme Court of Oklahoma.

March 11, 1958.

Rehearing Denied April 23, 1958.

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

Hart & Burger, Pauls Valley, for intervener.

BLACKBIRD, Justice.

On June 27, 1956, S. D. Williams filed an action, as plaintiff, against Joe J. Jones, as defendant, for recovery of money, and attachment of Jones' real estate described as the SE¼ of the NE¼ and the E½ of the SW¼ of Section 5, Township 1 North, Range 1 East of the I. M., in Garvin County, Oklahoma. A levy in attachment upon said property was made. Birdie, Jones' wife, intervened and the trial court entered judgment for plaintiff against her husband, Joe, but also rendered judgment upon the verdict of the jury in favor of Birdie Jones, the intervener. Plaintiff appeals.

The parties will be referred to as plaintiff, defendant, and intervener as they appeared in the trial court.

The record discloses that sometime after September, 1954, plaintiff was the attorney for the defendant when he obtained a divorce from intervener. Defendant and intervener lived apart until January, 1955, when defendant went to Tecumseh, Oklahoma, where intervener was residing, and together they returned to the above premises.

Intervener testified that she and defendant resumed the relationship of husband and wife on January 26, 1955, and have maintained that relationship ever since. The court submitted to a jury intervener's claim in her petition in intervention that she was the wife of defendant and therefore had a homestead interest in the property. The verdict and judgment upheld this claim.

Plaintiff first argues that the trial court erred in overruling his demurrer to the evidence and his motion for directed verdict. The testimony of intervener, and other witnesses, that defendant and intervener were known and recognized by local citizens and merchants as husband and wife after the 26th day of January, 1955, was sufficient to justify the trial court in submitting the question to the jury. At least one bank transaction, having to do with a loan of money, was had with the president of the bank. He stated that the loan would not have been made if he had not believed defendant and intervener were husband and wife. There is other evidence that after January 26, 1955, intervener and defendant lived together as husband and wife. We, therefore, conclude that under the well-known rule governing such matters, there was no error in overruling the demurrer to the evidence and the motion for directed verdict. See Hudson v. Blanchard, Okl., 294 P.2d 554; Elk City v. Rice, Okl., 286 P.2d 275; Cox v. Keating Drilling Co., Okl., 264 P.2d 332.

Plaintiff also argues that the trial court erred in giving Instruction No. 10 to the effect that the burden was on the plaintiff to establish the allegations of his petition. The Court's Instruction No. 11, stated that the burden was on the intervener to prove the affirmative allegations of her claim. These two instructions appear at the beginning of the instructions. There was no error in giving Instruction No. 10.

There is no merit in plaintiff's assignment of error in the trial court's refusal to give his Requested Instruction No. 2. The record reveals that the trial court gave it, as a part of its Instruction No. 18.

Finally plaintiff argues that the court erred in refusing to give Requested Instruction No. 3. This requested instruction concerned estoppel of the intervener to set up any claim to the real property. It was based upon the allegation, and evidence offered in support thereof, that, after defendant and intervener obtained a divorce, intervener came to plaintiff and asked if he would attempt to get defendant to deed the land in question to her; that she made no claim to the land at that time; that the divorce decree had divested her of the land; that she never told him, or the appraisers, at any time after the action was filed, that she claimed any interest therein. These events all occurred after plaintiff had represented defendant in an action against the intervener. Plaintiff stated he had never represented the intervener as counsel or attorney. There is no evidence that either plaintiff or the appraisers questioned intervener specifically as to her claim to the land.

 We have discussed the necessary elements of estoppel in Antrim Lumber Co. v. Wagner, 175 Okl. 564, 54 P.2d 173; Fite v. Van Antwerp, 201 Okl. 26, 200 P.2d 439, 440; and McDowell v. Cagle, 205 Okl. 554, 240 P.2d 783. In Fite v. Van Antwerp, supra, we stated:

> "The essential elements of an 'equitable estoppel' are: First, there must be a false representation or concealment of facts; second, it must have been made with knowledge, actual or constructive, of the real facts; third, the party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts; fourth, it must have been made with the intention that it should be acted upon; fifth, the party to whom it was made must have relied on, or acted upon, it to his prejudice."

According to his own testimony, plaintiff, while acting as defendant's attorney in the divorce action, was adverse to the intervener and she owed no duty to inform him of any interest in the real property, assuming that she knew at that time that she had such interest. The allegations of the petition and the evidence offered in support thereof do not constitute estoppel. There was no error in refusing to give the requested instruction or to otherwise submit the question of estoppel to the jury.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, JACKSON and CARLILE, JJ., concur.

HALLEY, J., dissents.