**Monroe DOWDY and Lola Dowdy, Plaintiffs in Error,**

**v.**

**Milton CLAUSEWITZ and Edith Clausewitz, Defendants in Error.**

**No. 37837.**

Supreme Court of Oklahoma.

April 18, 1961.

Brown, Brown & Brown, McAlester, for plaintiffs in error.

Arnote, Arnote & Bratton, McAlester, for defendants in error.

HALLEY, Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiffs in their first amended petition alleged that an oral partnership agreement was entered into between the parties in the State of Texas in March or April, 1949, to engage in the cattle business. Plaintiff put up the money to start and carry on the business. The defendant, Monroe Dowdy, was to actually look after the cattle. There were good years and bad in this operation.

In April 1954, Milton Clausewitz and Monroe Dowdy entered into a new agreement, which was verbal, in the State of Texas (a community property state). It appears to be somewhat involved. The plaintiffs had about 1,000 acres of land in Pittsburg County, Oklahoma, located near New Weather. Plaintiffs put up approximately 120 head of cattle and defendant, Monroe Dowdy, was to be allowed to run 100 head on the ranch. He had the duty to look after the ranch, including cattle and everything connected with it. Defendant, Monroe Dowdy, was to make certain payments for the partnership. The parties came to the parting of the ways and plaintiffs brought suit and sought to recover from the defendants the sum of $19,051.88.

The defendant, Monroe Dowdy, contended there was no partnership but the relationship was that of employer and employee and that the plaintiffs were indebted to him in the sum of $18,039.31 and for $2,361.50 as the joint property of the defendant, Monroe Dowdy, which was in the custody of the court. He also prayed that if the trial court found there was a general partnership that the land purchased by plaintiffs be figured in in the partnership accounting.

The defendant, Lola Dowdy, for her answer filed a general denial.

After a full hearing the trial court without a jury ordered judgment for plaintiffs for $17,107.16, plus costs of the action and directed that the court clerk pay to the plaintiffs $2,397.44, which had been deposited with him which was to be a credit on the judgment.

As to defendants' first proposition we have studied the original record together with the exhibits and we are of the opinion that a partnership was entered into between Monroe Dowdy and Milton Clausewitz for the raising of cattle. This was clearly a case of equitable cognizance and the plaintiff, Clausewitz, was entitled to an accounting of the funds that went into and grew out of this partnership. We can see no error on the part of the trial court in granting a restraining order preserving the cattle and the proceeds from the sale thereof until a hearing could be had on a demand for temporary injunction. The court could continue such restraining order in force until the hearing on the temporary injunction had been had. Jennings et al. v. Elliott et al., 186 Okl. 285, 97 P.2d 67 and Walbridge-Aldinger Co. v. City of Tulsa, 107 Okl. 259, 233 P. 171. The trial court was correct in preserving the assents in controversy in this case.

On the second question set up by defendants we do not think that Mrs. Dowdy was a proper party defendant in this case. The property involved was all in Oklahoma and Mrs. Dowdy was not a party to the contract and she is not liable. The judgment in so far as she is concerned is reversed. See 11 Am.Jur., Community Property, Section 59. Even though the contract was entered into in Texas she was not bound by it. See Althof v. Conheim, 38 Cal. 230, 99 Am.Dec. 363 and Griswold et ux. v. Citizens National Bank in Waxahachie et al., Tex.Civ.App., 285 S.W.2d 791.

For their third proposition the defendants urge that they were entitled to a jury in this case but as we have said

previously the record is so clear that this was a partnership transaction and as such should be tried by the court without a jury. This was not merely a case for money judgment. The character of issues framed by the pleadings of the parties showed that it was an equity case and in such case a party is not entitled as a matter of right to a trial by jury. Steinway et al. v. Griffith Consolidated Theatres, Inc. et al., Okl., 273 P.2d 872.

The essential elements of a partnership are: (a) An intent to form same; (b) generally, a participation in both profits and losses, and (c) such a community of interest, as far as third persons are concerned, as enables each party to make contracts, manage the business, and dispose of the property.

When the record reveals that there was a partnership the allegation in the answer of the conclusion that there was no partnership is not sufficient in itself to necessitate a trial by jury. There would be no error in denying such when a trial to the court plainly reveals that the relationship was a partnership and not a master and servant relationship. In view of the record and our holding in Whitney v. Harris, 169 Okl. 288, 36 P.2d 372, the question of the existence of a partnership was one of law for the court. We did not have the benefit of the oral testimony presented at the trial below but we are satisfied from the evidence we do have, which was very voluminous, that a partnership did exist between Monroe Dowdy and the plaintiffs and it is not disputed by the evidence before us in so far as the cattle operation was concerned.

As the defendants' fourth proposition for reversal, which was that the land purchased in Pittsburg County by Clausewitz was part of the partnership assets, if there was a partnership, simply is not sustained by the evidence. There was nothing in writing or otherwise to show that Monroe Dowdy was to have any interest in the land whatsoever.

For their fifth proposition the defendants urge that the trial court erred in overruling defendants' motion to make more definite and certain, motion to separately state and number and defendants' demurrer to plaintiffs' amended petition. No authority is offered to sustain this contention. The defendants were not injured by the court overruling the aforementioned motions and since this case was thoroughly tried any possible error on the motions would have been harmless. The pleading was sufficient to justify overruling the demurrer.

This being an equity case we have weighed the evidence and think that the judgment is clearly not against the weight thereof but the same sustains the judgment.

This case is affirmed as to Monroe Dowdy and reversed as to Lola Dowdy.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WELCH, J., concurs in result.