STA–RITE INDUSTRIES, INC., a corporation, Plaintiff,

v.

Homer JOHNSON and Monte Bunch, formerly co-partners d/b/a Central Pump and Supply Company, Defendants.

Civ. No. 68–489.

United States District Court,
W. D. Oklahoma,
Civil Division.

Dec. 19, 1969.

Norman E. Reynolds, Oklahoma City, Okl., for plaintiff.

Denver W. Meacham, Clinton, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff sues on an account with a balance due in the amount of $18,125.61 carried by it with Central Pump and Supply Company. Plaintiff sues Homer Johnson and Monte Bunch on the basis that they were formerly co-partners doing business as Central Pump and Supply Company. In support of its action, Plaintiff relies upon an actual partnership agreement between the said Defendants doing business as Central Pump and Supply Company and also that the Defendant Homer Johnson is estopped by his conduct to deny his partnership with Monte Bunch under said company name.

Defendant Monte Bunch, with reference to this account, is in default herein and judgment by default should be entered against him for the amount sued for herein. Defendant Homer Johnson denies that he was ever a partner with Monte Bunch in Central Pump and Supply Company, also denies he is estopped to deny a partnership by his conduct as claimed by Plaintiff and denies any liability for the account sued on herein. The case was tried to the Court.

The evidence discloses that Monte Bunch formerly worked for the Plaintiff and did so until he entered business for himself as an individual at Clinton, Oklahoma, under the name of Central Pump and Supply Company. He rented a building for his company from the Defendant Homer Johnson. Bunch eventu-

ally got in arrears on his account with Plaintiff. He gave a check to Plaintiff on the account for a sizeable sum which was not honored due to insufficient funds. About this time, Bunch made certain overtures to Johnson, his landlord, with reference to his business venture and discussions were had with reference to Johnson getting into the business. Johnson borrowed money from his bank which was placed to the credit of Central Pump and Supply Company, a portion of which was immediately transmitted to the Plaintiff to cover the bad check and pay part of its account with Monte Bunch. Defendant Johnson did become involved in the general business affairs of central Pump and Supply Company to the extent of spending some time nearly every day in the company office which was about one block from his regular business activity of running a Motel in Clinton, Oklahoma. On infrequent occasions he went into the field where the company was involved in certain irrigation work. He ordered and returned some supplies for and from Plaintiff. He signed some company checks, bought certain equipment and supplies from others on behalf of the company and did other things related to the business affairs of Central Pump and Supply Company. Eventually the company went out of business whereupon Johnson sold certain of its assets and applied the same to its obligations and even paid two small local obligations with his own personal funds.

Johnson claims that he was merely assisting Bunch in the business affairs of the company and was running errands for Bunch; that Bunch actually lived in Amarillo, Texas, and did not spend too much time in Clinton; that Bunch became ill and was ill and unable to be about during the liquidation above mentioned which Johnson did at the specific request of Bunch. Johnson claims that the small local bills above mentioned were paid by him out of his own funds because they were local merchants and he felt they had a nuisance value to pay rather than to litigate with them over the question of his liability for the same. Other more sizeable company accounts presented to Johnson for payment were rejected by him, including the one in this litigation.

The evidence is in sharp conflict with reference to certain statements Plaintiff claims Johnson and/or Bunch made to the effect that Johnson was a partner of Bunch. One witness so testifying is a former employee of Central Pump and Supply Company who said that Bunch introduced Johnson as his partner which Johnson did not deny. Another is a former employee of Plaintiff who stated that in conversation with Johnson, he (Johnson) said he was a partner in the business. Dun & Bradstreet ran a check on the company and issued a report as of June 1, which asserted that Johnson was a partner in the business. Johnson denies all of these claimed assertions against him and testified that at no time did he or anyone in his presence state that he was a partner with Bunch in Central Pump and Supply Company. Thus, the evidence is in direct conflict. It is the position of Johnson that while he was interested in getting into the business, he was only interested from the very first in doing this on the basis that the company be incorporated and that he be the majority stockholder. He positively asserts that at no time did he agree to be the partner of Bunch nor did he hold himself out as such. Another former employee of Central Pump and Supply Company, the bookkeeper, testified that she saw what she described as a written partnership agreement between Johnson and Bunch which Bunch let her see. However, she was unable to testify that it was a signed document when she saw it. She testified she returned it to the files and never saw it again. She was unable to say that Johnson ever told her he was a partner, but she did testify that he was frequently in the office and spent much time in connection with the affairs of Central Pump and Supply Company. The Defendant introduced in evidence a signed agreement between

Bunch and Johnson dated October 27, 1967, by which the two agreed to the incorporation of Central Pump and Supply Company which incorporation actually took place on November 11, 1967. At this time the company was in financial trouble. The former bookkeeper employee did not believe that this signed agreement to incorporate was the one she previously saw and described as a partnership agreement. The Defendant produced the attorney who prepared the signed agreement to incorporate who testified that he prepared the said agreement and knew nothing about a partnership between the parties.

In Oklahoma, a partnership is defined as an association of two or more persons to carry on as co-owners a business for profit. 54 Okl.St.Ann. § 206. Rules for determining the existence of a partnership are set out in 54 Okl.St.Ann. § 207.[1] This statute provides:

*"Rules for determining existence of a partnership*

In determining whether a partnership exists, these rules shall apply:

(1) Except as provided by Section 16, [54 Okl.St.Ann. 216] persons who are not partners as to each other are not partners as to third persons.

(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

(a) As a debt by installments or otherwise,

(b) As wages of an employee or rent to a landlord,

(c) As an annuity to a widow or representative of a deceased partner,

(d) As interest on a loan, though the amount of payment vary with the profits of the business,

(e) As the consideration for the sale of a goodwill of a business or other property by installments or otherwise."

Even though the above statute does not treat one way or another with the matter of the intent of the parties to form a partnership in determining the existence of an actual partnership, such would seem to be implicit from a consideration of such section and Section 206. The Oklahoma Supreme Court in a case decided after the Uniform Partnership Act was adopted but dealing with a partnership entered into before such passage stated the essential elements of a partnership to be:

(1) Intent of the parties to form a partnership,

(2) Participation in both profits and loss, and,

(3) Such a community of interest, as far as third parties are concerned, as enables each party to make contracts, manage the business, and dispose of the property. Dowdy v. Clausewitz, 361 P. 2d 288 (Okl.1961).

Intent, of course, in this instance involves the understanding or state of mind of Johnson and Bunch as to whether they were partners. Intent may be ascertained from conduct and circumstances. Both Johnson and Bunch testified that they did not at any time enter into or have the intent of entering into a partnership agreement. No written articles of co-partnership between Johnson and Bunch have been presented to

---

1. This statute and the statute cited previously were enacted in 1955 as a part of the Uniform Partnership Act.

the Court. There were no profits and none shared. In this connection, the Court finds that certain moneys paid to Johnson by company checks were to reimburse him for expenses paid by him on behalf of the company for travel and for supplies for the company purchased by him with his personal funds.

■■ The burden of proving the existence of an actual partnership between Johnson and Bunch is upon the Plaintiff who claims such relationship and Plaintiff must do so by a preponderance of the evidence. From all the evidence and circumstances of the case, the Court finds and concludes that the Plaintiff has not carried his burden to prove an actual partnership between Johnson and Bunch by a preponderance of the evidence. The Court is of the opinion that Johnson was interested in getting into the business, but only as a corporation in which he would own a majority of the stock and he advanced moneys and assisted Bunch in the operation of his business on this basis. This is borne out by the testimony of Johnson and Bunch, the signed agreement to incorporate, the eventual incorporation under said agreement, the testimony of Johnson's banker that he discouraged Johnson about getting into the business as a partner, and the testimony of the attorney who prepared the agreement to incorporate that he knew nothing about a partnership between Johnson and Bunch. The Court believes that the bookkeeper has confused the signed agreement to incorporate with what she believes were articles of co-partnership. It is quite significant that correspondence between Plaintiff and Central Pump and Supply Company in July 1967 (after Johnson borrowed money for the company) and as late as September, 1967, showed, "Monte Bunch d/b/a Central Pump and Supply Company" and Sales Tax Reports as late as November 1967 showed, "Central Pump and Supply Monte Bunch, owner." The Court does not believe that Johnson and Bunch ever became partners or ever intended to be partners in the business. The evidence fails to show any participation of Johnson and Bunch in the profits and losses of the company which supports the above conclusion of the Court.

But Oklahoma law provides for the creation of partnership liability of one who holds himself out to third persons as a partner, estopping him from denying the existence of a partnership although there is, in fact, no partnership. 54 Okl.St.Ann. § 216.[2] This is the sec-

2. "Partner by estoppel
 (1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.
 (a) When a partnership liability results, he is liable as though he were an actual member of the partnership.

 (b) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.
 (2) When a person has been thus represented to be a partner in an existing partnership, or with one or more persons not actual partners, he is an agent of the persons consenting to such representation to bind them to the same extent and in the same manner as though he were a partner in fact, with respect to persons who rely upon the representation. Where all the members of the existing partnership consent to the representation, a partnership act or obligation results; but in all other cases it is the joint act or obligation of the person acting and the persons consenting to the representation."

ond position of the Plaintiff to which the Court now turns. There are no reported cases under the above section of the statutes, but there are a number of Oklahoma cases decided prior to the statute dealing with partnership by estoppel. Apparently, the estoppel is equitable and its essential elements are:

1. False representation to a person,

2. Made with actual or constructive knowledge of facts,

3. Such person being without such knowledge,

4. With intent that such representation be acted upon, and,

5. It was acted upon or relied upon by the person to whom made. 31 C.J.S. Estoppel § 67a; Williams v. Jones, 324 P.2d 541 (Okl.1958).

■ The false representation relied upon by Plaintiff to establish partnership by estoppel is its evidence that Johnson held himself out as a partner of Bunch or knowingly allowed Bunch to hold him out as such. Unless done in a public manner, such representation or holding out must have been communicated in some manner to the Plaintiff who must thereafter have relied thereon in selling supplies to the company. The alleged statement of Bunch to an employee of Central Pump and Supply Company that Johnson was his partner claimed to have been made in the presence of Johnson without his denial was not communicated to the Plaintiff according to the evidence and, therefore, could not have been relied upon by the Plaintiff. It is also not sufficient to be held to have been done in a public manner. The alleged statement that Johnson was a partner, claimed to have been made to an employee of Dun & Bradstreet, was not made or communicated to the Plaintiff but Plaintiff eventually received this information through its purchase of a Dun & Bradstreet report on Central Pump and Supply Company. If Johnson told Dun & Bradstreet that he was a partner, this could be a representation that he was a partner made in a public manner. The alleged statements by Johnson that he was a partner claimed to have been made to an employee of Plaintiff would, of course, be communicated to Plaintiff. Johnson denies all such statements or representations that he was a partner. If this conflicting testimony about the statements or representations alleged to have been made to Dun & Bradstreet and to an employee of the Plaintiff is resolved in favor of Plaintiff there is then evidence of communication to Plaintiff and reliance thereon as to some supplies, but not all sued for herein, which were thereafter sold and shipped to Plaintiff.

■ Here, again, the Court finds and concludes from the evidence that the Plaintiff has failed to carry its burden of proof to establish partnership liability of Johnson by estoppel. The Court acknowledges that this is a close and difficult call under the evidence but recognizing the same as a factual question, the Court resolves the controversy in favor of Johnson. The date of the Dun & Bradstreet report stating that Johnson was a partner was approximately three weeks before Johnson obtained money from his bank and placed the same to the credit of Central Pump and Supply Company. It is not deemed likely that Johnson would have represented himself to be a partner at any time before he made money available to the company. The Court believes the testimony of Johnson regarding this report. The employee of Plaintiff who claims that Johnson told him he was a partner, has an interest in supporting the propriety of his business dealings with the company even though he is no longer employed by the Plaintiff and it is ap-

parent to the Court that employees of the Plaintiff were inclined to do all possible to help Bunch along as a former fellow employee trying to get started in business on his own. The acts of Johnson in borrowing money from his bank for the benefit of the company, making his financial statements available and signing company checks is not inconsistent with his position that he was interested in getting into the business but only on the basis of the company being incorporated. The Court concludes that the fact of the bank papers being carried as H. F. Johnson d/b/a Central Pump and Supply Company was the act of the bank and not Johnson. Moreover, such method was erroneous for it overlooked Bunch entirely. Also, these papers did not come to the attention of Plaintiff and afford reliance to it. Any public recording of any of these papers was the act of the bank and not Johnson. It is, no doubt, likely that Johnson's activities in supplying money to the company and taking an interest in the operation of the company gave hope and encouragement to the Plaintiff and its employees that they could look to Johnson for their account, but I do not believe that Johnson ever advised them or anyone else that he was a partner of Bunch in the company and thereby liable for its accounts. Sound business procedure for the Plaintiff to have followed in the circumstances of this case would have been to definitely ascertain the liability of Johnson for its supplies and do so in writing. After having seen and heard the witnesses, except those whose testimony came in by deposition, the Court reaches these factual findings and conclusions after careful deliberation.

Accordingly, judgment by default should be entered against Bunch for the amount sued for herein and judgment should be entered in favor of Johnson and against the Plaintiff on the issues between them.