**STA–RITE INDUSTRIES, INC., a corporation, Plaintiff-Appellant,**

v.

**Homer JOHNSON, Defendant-Appellee.**

**No. 301–70.**

United States Court of Appeals, Tenth Circuit.

Dec. 30, 1971.

Rehearing Denied Feb. 29, 1972.

Norman E. Reynolds, Oklahoma City, Okl., for plaintiff-appellant.

Denver W. Meacham, Clinton, Okl., for defendant-appellee.

Before HILL, HOLLOWAY and DOYLE, Circuit Judges.

HOLLOWAY, Circuit Judge.

Appellant Sta-Rite Industries, Inc. (Sta-Rite) sued on an account of $18,125.61 for merchandise sold to Central Pump and Supply Company (Central) seeking recovery from appellee Johnson and another defendant, Monte Bunch, on the theory they were both liable for Central's obligation as partners. Judgment was entered against Bunch, who was in default, and he has not appealed. However, judgment was entered in favor of Johnson and against the Sta-Rite company which appeals from that denial of recovery.

Sta-Rite claims that Johnson is liable for Central's obligation as a partner, arguing that (1) as a matter of law under the Uniform Partnership Act as adopted in Oklahoma, 54 O.S.1961 § 201, et seq., Johnson was an actual partner; and (2) in any event, Johnson was estopped to deny the existence of the partnership and is liable under the estoppel

provisions of the Act, 54 O.S.1961, § 216. The case was tried to the Court whose findings and conclusions were stated in its Memorandum Opinion, 335 F.Supp. 1311.

■ Appellant's contentions based on the proof favorable to Sta-Rite were essentially considered in detail and rejected in the Memorandum Opinion which states the facts fully.[1] We accept the District Court's determinations and will treat the issues and facts only briefly to deal with the arguments of Sta-Rite as addressed to us.

In essence the District Court found that Johnson and Bunch never became partners or intended to be partners; that the evidence failed to show their participation in profits and losses; that Johnson was interested in getting into the business only as a corporation, and that he advanced money and assisted in the business on this basis; and that Sta-Rite had failed to prove an actual partnership. It was further found that while the question was close and difficult, Sta-Rite had failed to carry its burden of establishing partnership liability of Johnson by estoppel. We are satisfied that the record amply supports the findings and conclusions and affirm.

■ In reviewing the findings Sta-Rite argues that the clearly erroneous rule under Rule 52(a) F.R.Civ.P. should be applied less stringently since the District Court viewed the case as close and because much of the proof was by documentary evidence and depositions, relying on Mid-Continent Casualty Co. v. Everett, 340 F.2d 65 (10th Cir.), and similar cases. However, in determining the factual issues the District Court relied on the testimony of John-

son, Bunch and an attorney handling incorporation papers later for them, and evaluated also the testimony of several witnesses who appeared in person for Sta-Rite, along with the depositions and exhibits. Therefore, we cannot agree that there is any substantial relaxation of the provisions of Rule 52(a) which enjoin us to give due regard to the opportunity of the trial court to judge the credibility of the witnesses. See United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746. Moreover, on the evaluation of the whole record we are convinced that the findings are amply supported. Even where the record is wholly documentary our scope of review is enlarged only to the extent that no regard need be given to the opportunity of the trial court to observe witnesses; in such cases we nevertheless do not disturb the findings unless we have a definite and firm conviction that a mistake has been made, Mid-Continent Casualty Co. v. Everett, supra, 340 F.2d at 70, in accord with the general rule respecting the trial court's findings. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123, 89 S.Ct. 1562, 23 L.Ed.2d 129; and United States v. United States Gypsum Co., supra, 333 U.S. at 394–395, 68 S.Ct. 525, 92 L.Ed. 746.

■ As to partnership as a matter of law, Sta-Rite urges that the District Court erred in strictly applying Dowdy v. Clausewitz, 361 P.2d 288 (Okl.), which for formation of a partnership requires intent, participation in profits and losses, and such a community of interest, as far as third persons are concerned, as enables each party to make contracts, manage the business and dispose of the property. Sta-Rite instead

---

1. On appeal Sta-Rite says that some additional proof was tendered in connection with a motion to re-open and that this evidence also shows that the findings were in error. The District Court's order denying Sta-Rite's motion to re-open, and other motions combined with it, discussed this proof. The order stated that the portion relating to proof of a contrary result in a separate State Court case was not an appropriate basis for reopening and that the remainder of the proof was not such as would cause the Court to change its findings and conclusions. The motion to re-open was within the discretion of the Court, see Welch v. Grindle, 251 F.2d 671, 677 (9th Cir.), and we are satisfied there was no abuse of that discretion.

urges that a less stringent standard for the creation of partnerships is illustrated by Oklahoma Company v. O'Neil, 440 P.2d 978 (Okl.), and Pfleider v. Smith, 370 P.2d 17 (Okl.). While the tests are stated differently in these subsequent cases dealing with joint ventures, the cases show no rejection of the basic requirements for a partnership as outlined in the *Dowdy* case. And even if a doubt is raised as to the partnership test applied in the *Dowdy* case, we should not undertake to settle such uncertainties in the Oklahoma law since we accept the determinations of State law made by the District Court here, which are not clearly in error. Douglas-Guardian Warehouse Corp. v. Jones, 405 F.2d 427, 428 (10th Cir.); Manville v. Borg-Warner Corp., 418 F.2d 434 (10th Cir.). Therefore, we accept the findings and conclusions of the District Court that under Oklahoma law an actual partnership was not shown.

 In connection with the estoppel issue, as stated the District Court viewed the question as close and difficult. There was considerable proof that Johnson engaged in Central's business for several months; that he signed checks on Central's bank account; and that he paid certain of Central's smaller obligations himself. There was also testimony by a Dun and Bradstreet employee that Johnson said that he was a partner, and this information was stated in a credit report obtained by Sta-Rite. However, the District Court believed the testimony of Johnson that he never represented himself to be a partner, nor permitted this to be done. There was also testimony by a former Central employee that Bunch described Johnson as

a partner in Johnson's presence without any objection by Johnson. As to this point the Court found that this representation was not repeated to Sta-Rite and that it could not have been relied on. On consideration of all the proof, including the testimony of Johnson and Bunch, it was found that Johnson never advised Sta-Rite or anyone that he was a partner. Again we feel the record sustains the ultimate findings against Sta-Rite on the estoppel issue and that there was no clear error in applying State law.[2]

Affirmed.

---

2. Sta-Rite argues that the District Court erred by applying the test for an estoppel as stated in Williams v. Jones, 324 P.2d 541 (Okl.), including the element of a false representation, instead of the partnership estoppel test stated in 54 O.S. 1961 § 216, which Sta-Rite says is less stringent. However, the Court found that there was no public representation of partnership made by Johnson, and that

no partnership representation was otherwise made by Johnson to Sta-Rite. Since this premise for an estoppel was rejected by the Court, no problem as to the statute's interpretation is presented.