**In re Leroy A. BOYD, Debtor.**

**No. BK–96–14028–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Jan. 10, 1997.

*ORDER ON DEBTOR'S OBJECTION TO THE PROOF OF CLAIM FILED BY THE INTERNAL REVENUE SERVICE*

PAUL B. LINDSEY, Bankruptcy Judge.

Debtor commenced this bankruptcy case on May 29, 1996 by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1]

On June 28, 1996 the Internal Revenue Service ("IRS") filed a proof of claim comprised of the following amounts: $49,342.16 representing § 507(a)(8) priority taxes; $21,-753.03 attributable to unpaid taxes secured by federal tax liens on debtor's property; and $6,333.89 representing a general unsecured claim, for a total claim of $77,429.08.

On July 23, 1996, debtor filed an objection to IRS' proof of claim.

On August 5, 1996, IRS amended its proof of claim reducing it to $64,429.08. The amended claim reflects an increase of $5,372.21 to the § 507(a)(8) priority taxes, an increase of $3,380.82 in the general unsecured claim, and a reduction of $21,753.03 resulting from the deletion of the secured portion of the original claim.

---

1. References herein to statutory provisions by section number only will be to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* unless the context requires otherwise.

On October 19, 1996 a hearing was held on debtor's objection. At the conclusion of that hearing, after having heard the arguments of debtor's counsel and counsel for IRS, and having heard the testimony and observed the demeanor of the witnesses, the court took the matter under advisement and directed the parties to file briefs in support of their respective legal positions. The parties have complied with the court's request and the matter is now ripe for determination.

## THE CONTENTIONS

In his objection, debtor argues that the priority taxes claimed by IRS include an assessment of $29,818.82 attributable to unpaid employee withholding taxes. He asserts that this assessment is based upon an employer/employee relationship asserted by IRS to be the business relationship between himself and James A. Conti ("Conti"), an individual working with debtor in the operation of Boyd's Heat, Air & Electric ("BHA & E"). Debtor denies that the prior business relationship between himself and Conti for the tax years at issue was that of an employer/employee, and asserts, instead, that Conti and he were partners for the years at issue.

Based upon his alleged partnership with Conti, Debtor contends that he was not required to withhold employment taxes for monies paid to Conti during the subject period, and that he therefore has no tax liability with respect to any employment withholding taxes attributable to Conti's income. Based upon this contention, debtor objects to IRS' proof of claim to the extent that it includes a tax liability for employment withholding taxes attributable to Conti's alleged status as an employee.

In its brief, IRS asserts that debtor, as the party claiming the existence of a partnership, has the burden of proof under applicable non-bankruptcy law to establish that a partnership existed between debtor and Conti for the 1992, 1993, and 1994 tax years. It argues that debtor's actions with respect to the management and control of the business operations of BHA & E, and his actions with respect to Conti, do not support a conclusion that BHA & E was a partnership entity during the applicable period. IRS therefore contends that debtor, as sole proprietor of BHA & E, is personally liable for the appropriate withholding taxes attributable to the monies paid to Conti as an employee.

## THE EVIDENCE

At the October 21 hearing, debtor testified he and Conti had been in business together since 1988, and that this business relationship terminated in March, 1996. Debtor further testified that during the course of their working relationship, he and Conti shared in the net profits of BHA & E, and that Conti had the authority to employ and terminate its employees. The testimony also revealed that sometime prior to 1992, debtor and Conti ceased their business relationship, but renewed it shortly thereafter.

During this brief period, debtor closed the joint checking account which was previously opened in the name of BHA & E in which debtor and Conti both had signature authority. Debtor then opened a new business account over which only he had signature authority. Debtor's sole control over that account, and over the books and records of BHA & E, continued after debtor and Conti renewed their working relationship.

On cross-examination, debtor testified that on the advice of his tax preparer, he filed individual income tax returns, treating his interest in BHA & E as a sole proprietorship. He conceded that no partnership income tax return had ever been prepared or filed on behalf of BHA & E and that BHA & E had never been registered as a partnership with the State of Oklahoma.

Conti testified that he did not have access to the books and records of BHA & E and that he made no investment in the business. He also testified that while no written partnership agreement existed, he considered himself to be a "working partner" or "foreman" in the business.

The IRS Revenue Agent who had previously audited debtor's 1992, 1993 and 1994 federal tax returns testified that upon completion of that audit, debtor admitted that those individuals working for him were employees. She further testified that at no time

during the audit did debtor assert that BHA & E was a partnership entity or that Conti was a partner.

### DISCUSSION AND DECISION

 At the October 21 hearing, the parties agreed that the only issue necessary for the court to determine is the status of the business relationship between debtor, Conti and BHA & E for the tax years 1992, 1993 and 1994, and that after the court makes its determination, the parties would be capable of determining the amounts owed by debtor.

In their briefs, both parties set forth the numerous factors to be considered when determining the existence of a partnership under applicable non-bankruptcy law. *See Oklahoma Uniform Partnership Act,* Okla. Stat.tit.54, § 201 *et seq.* and Rev.Rul. 87–41, 1987–1 C.B. 296, 298–99.

In his brief, debtor cites *Dowdy v. Clausewitz,* 361 P.2d 288 (Okla.1961) for the proposition that the essential elements of a partnership are: (a) an intent to form a partnership; (b) a participation in both the profits and losses, and; (c) a community of interests. Debtor further points out that pursuant to Okla.Stat.tit. 54, § 207.(4)4, the receipt by a person of a share of the profits of a business is *prima facie* evidence that such individual is a partner in that business. He therefore urges the court to conclude that because Conti shared in the profits of BHA & E and had the authority to employ or terminate employees, Conti was a partner in the business.

In its brief, IRS points out that Okla. Stat.tit. 54, § 207, upon which debtor relies, also provides that no such inference shall be drawn if such profits were received as payment of wages of an employee. *See* Okla. Stat.tit. 54, § 207. IRS argues that the sharing of profits alone is but a factor to be considered, and is not dispositive of whether a partnership exists. This court agrees.

As is pointed out by both parties, an essential element of a partnership entity is that there exists an intent to form such partnership. Upon review of the evidence, after having observed the demeanor of the witnesses, and considering the relevant factors for determining the existence of a partnership, this court concludes that at no time during the tax years at issue herein did debtor's conduct with respect to Conti, or his management and control of BHA & E, manifest an intent to form a partnership with Conti or to operate BHA & E as a partnership entity. Debtor now asserts that BHA & E was a partnership entity, in this court's opinion, solely for the purpose of reducing his outstanding tax obligations.

With respect to the business relationship between debtor and Conti, although it is not necessary to the decision herein, this court is of the opinion that Conti's position in the operation of BHA & E is best characterized as a "foreman" whose wages were computed as a percentage of the profits.

Based upon the foregoing, debtor's objection to the proof of claim filed by the IRS, to the extent that such objection is premised on the issue presented herein, will be overruled.

IT IS SO ORDERED.