HARTZ, Circuit Judge,
concurring:
I join Judge Anderson’s opinion. I write separately to make two observations.
The first relates to Saiz’s Fifth Amendment claim. We resolve the claim by deferring to the state court’s determination that there is no evidence that Dr. Morall’s testimony relied at all on her interview with Saiz. It is worth emphasizing, however, that our opinion does not suggest that Saiz would have a Fifth Amendment claim if Dr. Morall’s testimony had in fact relied on the interview. One can make a strong argument that when a defendant raises any defense (not just insanity) that relies on an expert examination of the defendant’s mental condition, the Fifth Amendment does not protect the defendant from being compelled to submit to a similar examination conducted on behalf of the prosecution, and, of course, evidence from that examination could be used to rebut the defense. In particular, the prevailing view in the courts appears to be that court-ordered mental examinations are permissible when the defendant raises a battered-woman-syndrome defense. See, e.g., Hess v. Macaskill, 67 F.3d 307 (9th Cir.1995) (unpublished); State v. Briand, 130 N.H. 650, 547 A.2d 235 (1988). See generally Erin M. Masson, Annotation, Admissibility of Expert or Opinion Evidence of Battered-Woman Syndrome on Issue of Self-Defense, 58 A.L.R.5th 749, § 9 (2004). Testimony by Dr. Morall relying on her interview with Saiz may have violated the Colorado rules of evidence, but violation of state law is not a ground for federal habeas relief.
Second, although our panel opinion follows repeated circuit precedent regarding *1186 our standard of review of those factual findings of the district court that are based on the state-court record, it may be worth mentioning that this precedent appears to be incorrect. Our opinion, supra at 1176, quotes the following from Allen v. Mullin, 368 F.3d 1220, 1234 (10th Cir.2004): “If the district court’s factual findings depend entirely on the state court record, we independently review that record.” I was on the Allen panel and joined the opinion. But even better authority than that would not make it right. For authority for the quoted proposition, Allen relied on Walker v. Gibson, 228 F.3d 1217, 1225 (10th Cir.2000), which, without any discussion of the matter, relied on Smallwood v. Gibson, 191 F.3d 1257, 1264 n. 1 (10th Cir.1999), which, without any discussion, relied on Cunningham v. Diesslin, 92 F.3d 1054, 1062 n. 6 (10th Cir.1996), which, without any discussion, relied on Archuleta v. Kerby, 864 F.2d 709, 711 n. 2 (10th Cir.1989), which in turn relied on Castleberry v. Alford, 666 F.2d 1338, 1342 n. 2 (10th Cir.1981), which said:
Fed.R.Civ.P. 52(a) provides:
Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.
It is a well-established rule that factual questions in habeas corpus proceedings should be determined by the district court and that its factual conclusions are binding on the court unless “clearly erroneous.” There is an exception to the general rule, however, where some or all of the evidence before the district court was not the live testimony of witnesses, but instead transcripts and documents of the state proceedings. In such circumstance, the clearly erroneous rule will not apply with full force. See Martinez v. Turner, 461 F.2d 261, 264 (10th Cir.1972).
About three years later, however, the Supreme Court rejected the view expressed in Castleberry. In Anderson v. City of Bessemer City, 470 U.S. 564, 574-75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), the Court said.
The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge’s position to make determinations of credibility. The trial judge’s major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge’s efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources. In addition, the parties to a case on appeal have already been forced to concentrate their energies and resources on persuading the trial judge that their account of the facts is the correct one; requiring them to persuade three more judges at the appellate level is requiring too much. As the Court has stated in a different context, the trial on the merits should be “the ‘main event’ ... rather than a ‘tryout on the road.’ ” Wainwright v. Sykes, 433 U.S. 72, 90, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). For these reasons, review of factual findings under the clearly-erroneous standard — with its deference to the trier of fact — is the rule, not the exception.
Moreover, Fed.R.Civ.P. 52(a) has explicitly adopted the same approach as Anderson and now states: “Findings of facts, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.” (emphasis added).
I realize that the Federal Rules of Civil Procedure do not necessarily apply to ha- *1187 beas cases. See Rules Governing Section 2254 Cases, Rule 11. But one would think that the reasoning of Anderson still applies. None of the differences between habeas cases and other civil actions would seem to justify less deference to fact finding by the federal trial court. AEDPA does not address the matter (although it certainly limits the occasions for the district court to engage in fact finding). And none of our precedents relies on the unique nature of habeas eases to justify less deferential review. On the contrary, Martinez, the case relied on by Castleber-ry as authority, itself relied on two nonha-beas cases. Martinez said:
Since the record consists solely of the transcripts and the photograph, we are in as good a position as the trial court to evaluate the evidence. Nevertheless, even where the record is wholly documentary our scope of review is enlarged only'to the extent that no regard need be given the opportunity of the trial court to observe witnesses, and in such cases we nevertheless do not disturb the findings unless we have a definite and firm conviction that a mistake has been made. Mid-Continent Casualty Co. v. Everett, 340 F.2d 65, 70 (10th Cir.[1965]); Sta-Rite Industries, Inc. v. Johnson, 453 F.2d 1192 (10th Cir.[1972]).
461 F.2d at 264. Actually, if we returned to what Martinez said, we would probably be about right.